ORIGINAL

McCORRISTON MILLER MUKAI MacKINNON LLP

ROBERT G. KLEIN            #1192-0
klein@m4law.com
SHAUN M. MUKAI             #7143-0
smm@m4law.com
KENNETH J. MANSFIELD       #7227-0
mansfield@m4law.com
JORDON J. KIMURA           #9182-0
kimura@m4law.com
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai'i 96813
Tel. No.:  (808) 529-7300
Fax No.:  (808) 524-8293

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 01 2011

at 3 o'clock and 50 min P M.
SUE BEITIA, CLERK

CV11 00426JMS RLP

NELSON BUMGARDNER CASTO, P.C.

BARRY J. BUMGARDNER        (*Pro Hac Vice* Application to be filed)
barry@nbclaw.net
STEVEN W. HARTSELL         (*Pro Hac Vice* Application to be filed)
shartsell@nbclaw.net
3131 West 7th Street, Suite 300
Fort Worth, Texas  76107
Tel. No.:  (817) 377-9111
Fax No.:  (817) 377-3485

BURNS & LEVINSON LLP

HOWARD J. SUSSER           (*Pro Hac Vice* Application to be filed)
hsusser@burnslev.com
PAUL T. MUNIZ              (*Pro Hac Vice* Application to be filed)
pmuniz@burnlev.com
125 Summer Street
Boston, Massachusetts  02110-1624
Tel. No.:  (617) 345-3000
Fax No.:  (617) 345-3299

Attorneys for Plaintiff
GPNE CORP.

58675/250763.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| GPNE CORP., | CIVIL NO. **CV11  00426JMS** |
| | **RLP** |
| Plaintiff, | COMPLAINT; EXHIBITS "A"- |
| | "C"; DEMAND FOR JURY |
| vs. | TRIAL; SUMMONS |
| | |
| AMAZON.COM, INC., APPLE INC., | |
| BARNES & NOBLE, INC., GARMIN | |
| LTD., GARMIN INTERNATIONAL, | |
| INC., NOKIA CORPORATION, | |
| NOKIA, INC., PANTECH CO., LTD., | |
| PANTECH WIRELESS, INC., | |
| RESEARCH IN MOTION LTD., | |
| RESEARCH IN MOTION | |
| CORPORATION, SHARP | |
| CORPORATION, SHARP | |
| ELECTRONICS CORPORATION , | |
| SONY ERICSSON MOBILE | |
| COMMUNICATIONS AB, AND | |
| SONY ERICSSON MOBILE | |
| COMMUNICATIONS (USA), INC., | |
| | |
| Defendants. | |

## **COMPLAINT**

COMES NOW GPNE Corp. ("GPNE"), by and through its attorneys

McCorriston Miller Mukai MacKinnon LLP, Nelson Bumgardner Casto, P.C., and

Burns & Levinson LLP, and alleges and avers a complaint against the above-

named Defendants as follows:

2

## PARTIES

1.      Plaintiff GPNE is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Honolulu, Hawai'i.

### Amazon

2.      Defendant Amazon.com, Inc. ("Amazon") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Seattle, Washington.  Amazon can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3.      On information and belief, this Court has personal jurisdiction over Amazon because Amazon has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district. Amazon's e-reader products are sold and offered for sale throughout this judicial district through Amazon's operation of its website.

### Apple

4.      Defendant Apple Inc. ("Apple") is a corporation organized and existing under the laws of the state of California with its principal place of business in Cupertino, California.  Apple can be served with process through its registered

agent, The Corporation Company, 900 Fort St. Mall, Suite 1800, Honolulu, Hawai'i 96813.

5.     On information and belief, this Court has personal jurisdiction over Apple because Apple has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district. Apple's computerized communications devices and computerized tablet devices are sold and offered for sale throughout this judicial district at retail outlets such as those operated by Apple and Best Buy.

### Barnes & Noble

6.     Defendant Barnes & Noble, Inc. ("B&N") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in New York, New York.  B&N can be served with process through its registered agent, Capital Services, Inc., 615 South Dupont Highway, Dover, Delaware 19901.

7.     On information and belief, this Court has personal jurisdiction over B&N because B&N has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.  B&N's e-readers are sold and offered for sale throughout this judicial district through

B&N's operation of its website and at retail outlets such as those operated by Best Buy.

### Garmin

8.     Defendant Garmin Ltd. ("Garmin Ltd.") is a corporation organized and existing under the laws of Switzerland with its principal place of business in Schaffhausen, Switzerland.  Garmin, Ltd. may be served at its principal place of business at Vorstadt 40/42, 8200 Schaffhausen, Switzerland.

9.     Defendant Garmin International, Inc. ("Garmin International") is a corporation organized and existing under the laws of the state of Kansas with its principal place of business in Olathe, Kansas.  Garmin can be served with process through its registered agent, Andrew R. Etkind, 1200 East 151st Street, Olathe, Kansas 66062.

10.     Defendants Garmin Ltd. and Garmin International are collectively referred to as "Garmin."

11.     On information and belief, this Court has personal jurisdiction over Garmin because Garmin has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

Upon information and belief, Garmin's computerized communication devices are sold and offered for sale throughout this judicial district through consumer websites, such as www.amazon.com, and other retail outlets.

## Nokia

12.     On information and belief, Nokia Corporation ("Nokia Corp.") is a foreign corporation organized and existing under the laws of Finland with its principal place of business in Espoo, Finland.  Nokia Corp. may be served at its principal place of business at Keilalahdentie 2-4, FI-02150 Espoo, Finland.

13.     On information and belief, Nokia, Inc. ("Nokia Inc.") is a wholly-owned subsidiary of Nokia Corporation and is a Delaware corporation with a principal place of business in White Plains, New York.  Nokia Inc. can be served with process through its registered agent, National Registered Agents of HI, Inc., 1136 Union Mall, Suite 301, Honolulu, Hawai'i 96813.

14.     Defendants Nokia Corporation and Nokia, Inc. are collectively referred to as "Nokia."

15.     On information and belief, this Court has personal jurisdiction over Nokia because Nokia has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

Nokia's computerized communications devices are sold and offered for sale throughout this judicial district at retail outlets such as those operated by Best Buy.

## Pantech

16.     Defendant Pantech Co., Ltd. ("Pantech Co.") is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business in Seoul, Korea.  Pantech Co. may be served at its principal place of business at Pantech R&D Center, 1-2, DMC Sangam-dong Mapo-gu, Seoul, Korea.

17.     Defendant Pantech Wireless, Inc. ("Pantech Wireless") is a corporation organized and existing under the laws of the state of Georgia with its principal place of business in Atlanta, Georgia.  Pantech can be served with process through its registered agent, Kathleen Elizabeth Jones, 5607 Glenridge Drive, Suite 500, Atlanta, Georgia 30342.

18.     Defendants Pantech Co. and Pantech Wireless are collectively referred to as "Pantech."

19.     On information and belief, this Court has personal jurisdiction over Pantech because Pantech has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

Pantech's computerized communications devices are sold and offered for sale throughout this judicial district at retail outlets such as those operated by Best Buy.

## Research In Motion

20.     Defendant Research In Motion Ltd. ("RIM Ltd.") is a foreign corporation organized and existing under the laws of the Province of Ontario, Canada with its principal place of business in Waterloo, Ontario.  RIM Ltd.  may be served at its principal place of business at 295 Phillip Street, Waterloo, Ontario N2L 3W8 Canada by International Registered Mail.

21.     Defendant Research In Motion Corporation ("RIM Corp.") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Irving, Texas.  RIM Corp. can be served with process through its registered agent, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

22.     Defendants Research In Motion Ltd. and Research In Motion Corporation are collectively referred to as "RIM."

23.     On information and belief, this Court has personal jurisdiction over RIM because RIM has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.  RIM's

computerized communications devices are sold and offered for sale throughout this judicial district at retail outlets such as those operated by Best Buy.

## Sharp

24.     Sharp Corporation ("Sharp Corp.") is a foreign corporation organized and existing under the laws of Japan, with its principal place of business in Osaka, Japan.  Sharp Corp. may be served at its principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan.

25.     Sharp Electronics Corporation ("Sharp Electronics") is the United States sales and marketing subsidiary of Sharp Corporation.  Sharp Electronics is organized and existing under the laws of the State of New York with its principal place of business in Mahwah, New Jersey.  Sharp Electronics can be served with process through its registered agent, CT Corporation System, 818 W 7th Street, Los Angeles, California 90017.

26.     Defendants Sharp Corporation and Sharp Electronics Corporation are herein collectively referred to as "Sharp."

27.     On information and belief, this Court has personal jurisdiction over Sharp because Sharp has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.  Sharp's

computerized communications devices are sold and offered for sale throughout this judicial district at retail outlets such as those operated by Walmart.

## Sony Ericsson

28.     On information and belief, Sony Ericsson Mobile Communications AB ("Sony Ericsson AB") is a foreign corporation organized and existing under the laws of Sweden with its principal place of business in Lund, Sweden.  Sony Ericsson AB may be served at its principal place of business at Nya Vattentornet SE-221, 88 Lund, Sweden.

29.     On information and belief, Sony Ericsson Mobile Communications (USA), Inc. ("Sony Ericsson USA") is a subsidiary of Sony Ericsson Mobile Communications AB and is a Delaware corporation with its principal place of business in Atlanta, Georgia.  Sony Ericsson USA can be served with process through its registered agent, Capital Services, Inc., 615 South DuPont Highway, Dover, Delaware 19901.

30.     Defendants Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA), Inc. are collectively referred to as "Sony Ericsson."

31.     On information and belief, this Court has personal jurisdiction over Sony Ericsson because Sony Ericsson has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial

district and/or has engaged in continuous and systematic activities in this judicial

district.  Upon information and belief, Sony Ericsson's computerized

communication devices are sold and offered for sale throughout this judicial

district through consumer websites, such as those operated by AT&T

(www.wireless.att.com), and other retail outlets.

## JURISDICTION AND VENUE

32.    This action arises under the patent laws of the United States, Title 35

of the United States Code.  This Court has subject matter jurisdiction pursuant to

28 U.S.C. §§ 1331 and 1338(a).

33.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§

1391(c) and 1400(b).  On information and belief, each Defendant is deemed to

reside in this judicial district, has committed acts of infringement in this judicial

district, has purposely transacted business in this judicial district and/or has regular

and established places of business in this judicial district.

34.    Each Defendant is subject to this Court's specific and general personal

jurisdiction pursuant to due process and/or the Hawai'i Long Arm Statute, due at

least to their substantial business in this State and judicial district, including: (A) at

least part of their infringing activities alleged herein; and (B) regularly doing or

soliciting business and, accordingly, deriving substantial revenue from goods and

services provided to Hawai'i residents.

## FACTUAL BACKGROUND AND ALLEGATIONS

35.     On June 30, 2009 United States Patent No. 7,555,267 ("the '267 patent") was duly and legally issued for a "Network Communication System Wherein A Node Obtains Resources For Transmitting Data By Transmitting Two Reservation Requests." A true and correct copy of the '267 patent is attached hereto as Exhibit "A."

36.     The '267 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

37.     On August 4, 2009 United States Patent No. 7,570,954 ("the '954 patent") was duly and legally issued for a "Communication System Wherein A Clocking Signal From A Controller, A Request From A Node, Acknowledgement Of The Request, And Data Transferred From The Node Are All Provided On Different Frequencies, Enabling Simultaneous Transmission Of These Signals." A true and correct copy of the '954 patent is attached hereto as Exhibit "B."

38.     The '954 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

39.     On September 7, 2010 United States Patent No. 7,792,492 ("the '492 patent") was duly and legally issued for a "Network Communication System With An Alignment Signal To Allow A Controller To Provide Messages To Nodes And

Transmission Of The Messages Over Four Independent Frequencies."  A true and correct copy of the '492 patent is attached hereto as Exhibit "C."

40.    The '492 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

41.    The '267, '954, and '492 patents (collectively, "the asserted patents") disclose inventions that were conceived in Hawai'i by two local residents.  GPNE owns all right, title, and interest in and to the asserted patents, including the right to prosecute this action and recover damages for the infringements alleged herein. Inventor, Gabriel Wong, is the Chairman of GPNE.  All of GPNE's employees are residents of Hawai'i.

**COUNT ONE**
(INFRINGEMENT OF THE '267 PATENT)

42.    GPNE incorporates paragraphs 1 through 41 herein by reference.

43.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

44.    On information and belief, Amazon is directly infringing one or more claims of the '267 patent in this judicial district and elsewhere in the United States, including at least claim 39, by, among other things, making, using, offering for sale, selling and/or importing e-readers with the ability to function with GPRS including, without limitation, the Kindle, to customers.

45.    On information and belief, Apple is directly infringing one or more claims of the '267 patent in this judicial district and elsewhere in the United States, including at least claim 39, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the iPhone 4, and computerized tablet devices with the ability to function with GPRS including, without limitation, the iPad, to customers.

46.    On information and belief, B&N is directly infringing one or more claims of the '267 patent in this judicial district and elsewhere in the United States, including at least claim 39, by, among other things, making, using, offering for sale, selling and/or importing e-readers with the ability to function with GPRS including, without limitation, the Nook, to customers.

47.    On information and belief, Garmin is directly infringing one or more claims of the '267 patent in this judicial district and elsewhere in the United States, including at least claim 39, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Nuvifone, to customers.

48.    On information and belief, Nokia is directly infringing one or more claims of the '267 patent in this judicial district and elsewhere in the United States,

including at least claim 39, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Nokia 6350 cellular phone, to customers.

49.    On information and belief, Pantech is directly infringing one or more claims of the '267 patent in this judicial district and elsewhere in the United States, including at least claim 39, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Ease Mobile cellular phone, to customers.

50.    On information and belief, RIM is directly infringing one or more claims of the '267 patent in this judicial district and elsewhere in the United States, including at least claim 39, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Torch 9800 smartphone, to customers.

51.    On information and belief, Sharp is directly infringing one or more claims of the '267 patent in this judicial district and elsewhere in the United States, including at least claim 39, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the

ability to function with GPRS including, without limitation, the Sharp FX cellular phone, to customers.

52.     On information and belief, Sony Ericsson is directly infringing one or more claims of the '267 patent in this judicial district and elsewhere in the United States, including at least claim 39, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Vivaz cellular phone, to customers.

53.     GPNE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to GPNE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT TWO
### (INFRINGEMENT OF THE '954 PATENT)

54.     GPNE incorporates paragraphs 1 through 41 herein by reference.

55.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

56.     On information and belief, Amazon is directly infringing one or more claims of the '954 patent in this judicial district and elsewhere in the United States, including at least claim 13, by, among other things, making, using, offering for

sale, selling and/or importing e-readers with the ability to function with GPRS including, without limitation, the Kindle, to customers.

57.     On information and belief, Apple is directly infringing one or more claims of the '954 patent in this judicial district and elsewhere in the United States, including at least claim 13, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the iPhone 4, and computerized tablet devices with the ability to function with GPRS including, without limitation, the iPad, to customers.

58.     On information and belief, B&N is directly infringing one or more claims of the '954 patent in this judicial district and elsewhere in the United States, including at least claim 13, by, among other things, making, using, offering for sale, selling and/or importing e-readers with the ability to function with GPRS including, without limitation, the Nook, to customers.

59.     On information and belief, Garmin is directly infringing one or more claims of the '954 patent in this judicial district and elsewhere in the United States, including at least claim 13, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Nuvifone, to customers.

60.     On information and belief, Nokia is directly infringing one or more claims of the '954 patent in this judicial district and elsewhere in the United States, including at least claim 13, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Nokia 6350 cellular phone, to customers.

61.     On information and belief, Pantech is directly infringing one or more claims of the '954 patent in this judicial district and elsewhere in the United States, including at least claim 13, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Ease Mobile cellular phone, to customers.

62.     On information and belief, RIM is directly infringing one or more claims of the '954 patent in this judicial district and elsewhere in the United States, including at least claim 13, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Torch 9800 smartphone, to customers.

63.     On information and belief, Sharp is directly infringing one or more claims of the '954 patent in this judicial district and elsewhere in the United States,

including at least claim 13, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Sharp FX cellular phone, to customers.

64.     On information and belief, Sony Ericsson is directly infringing one or more claims of the '954 patent in this judicial district and elsewhere in the United States, including at least claim 13, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Vivaz cellular phone, to customers.

65.     GPNE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to GPNE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT THREE
(INFRINGEMENT OF THE '492 PATENT)

66.     GPNE incorporates paragraphs 1 through 41 herein by reference.

67.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

68.    On information and belief, Amazon is directly infringing one or more claims of the '492 patent in this judicial district and elsewhere in the United States, including at least claim 37, by, among other things, making, using, offering for sale, selling and/or importing e-readers with the ability to function with GPRS including, without limitation, the Kindle, to customers.

69.    On information and belief, Apple is directly infringing one or more claims of the '492 patent in this judicial district and elsewhere in the United States, including at least claim 37, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the iPhone 4, and computerized tablet devices with the ability to function with GPRS including, without limitation, the iPad, to customers.

70.    On information and belief, B&N is directly infringing one or more claims of the '492 patent in this judicial district and elsewhere in the United States, including at least claim 37, by, among other things, making, using, offering for sale, selling and/or importing e-readers with the ability to function with GPRS including, without limitation, the Nook, to customers.

71.    On information and belief, Garmin is directly infringing one or more claims of the '492 patent in this judicial district and elsewhere in the United States, including at least claim 37, by, among other things, making, using, offering for

sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Nuvifone, to customers.

72.     On information and belief, Nokia is directly infringing one or more claims of the '492 patent in this judicial district and elsewhere in the United States, including at least claim 37, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Nokia 6350 cellular phone, to customers.

73.     On information and belief, Pantech is directly infringing one or more claims of the '492 patent in this judicial district and elsewhere in the United States, including at least claim 37, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Ease Mobile cellular phone, to customers.

74.     On information and belief, RIM is directly infringing one or more claims of the '492 patent in this judicial district and elsewhere in the United States, including at least claim 37, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the

ability to function with GPRS including, without limitation, the Torch 9800 smartphone, to customers.

75.    On information and belief, Sharp is directly infringing one or more claims of the '492 patent in this judicial district and elsewhere in the United States, including at least claim 37, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Sharp FX cellular phone, to customers.

76.    On information and belief, Sony Ericsson is directly infringing one or more claims of the '492 patent in this judicial district and elsewhere in the United States, including at least claim 37, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS including, without limitation, the Vivaz cellular phone, to customers.

77.    GPNE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to GPNE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

GPNE requests that the Court find in its favor and against Defendants, and that the Court grant GPNE the following relief:

A.     Judgment that one or more claims of the '267, '954, and/or '492 patents have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants;

B.     Judgment that Defendants account for and pay to GPNE all damages to and costs incurred by GPNE, including attorneys' fees, because of Defendants' infringing activities and other conduct complained of herein;

C.     Judgment that Defendants account for and pay to GPNE a reasonable, on-going, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

D.     That GPNE be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

\

\

\

\

E.     That GPNE be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED:  Honolulu, Hawaiʻi, July 1, 2011.

ROBERT G. KLEIN
SHAUN M. MUKAI
KENNETH J. MANSFIELD
JORDON J. KIMURA

Attorneys for Plaintiff
GPNE CORP.