IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GPNE CORP., | ) | CIVIL NO. 11-00426 SOM-RLP |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | REGARDING MOTION TO SEVER AND |
| vs. | ) | TRANSFER PLAINTIFF'S CLAIMS |
| | ) | AGAINST RESEARCH IN MOTION LTD. |
| AMAZON.COM, INC., APPLE INC., | ) | AND RESEARCH IN MOTION |
| BARNES & NOBLE, INC., GARMIN | ) | CORPORATION AND DEFENDANTS APPLE |
| LTD., GARMIN INTERNATIONAL, | ) | INC. AND BARNES & NOBLE, INC.'S |
| INC., NOKIA CORPORATION, NOKIA, | ) | CONSOLIDATED MOTION TO SEVER |
| INC., PANTECH CO., LTD., | ) | CLAIMS AND TRANSFER VENUE |
| PANTECH WIRELESS, INC., | ) | |
| RESEARCH IN MOTION LTD., | ) | |
| RESEARCH IN MOTION CORPORATION, | ) | |
| SHARP CORPORATION, SHARP | ) | |
| ELECTRONICS CORPORATION , SONY | ) | |
| ERICSSON MOBILE COMMUNICATIONS | ) | |
| AB, AND SONY ERICSSON MOBILE | ) | |
| COMMUNICATIONS (USA), INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER REGARDING MOTION TO SEVER AND
TRANSFER PLAINTIFF'S CLAIMS AGAINST RESEARCH IN MOTION LTD.
AND RESEARCH IN MOTION CORPORATION AND DEFENDANTS APPLE INC.
AND BARNES & NOBLE, INC.'S CONSOLIDATED MOTION TO SEVER
CLAIMS AND TRANSFER VENUE

On March 7, 2012, at 10:00 a.m., the following two

motions came on for hearing:

1. Defendants' Research In Motion Limited and Research

In Motion Corporation (collectively "RIM Defendants") Motion to

Sever and Transfer Plaintiff's Claims Against Research in Motion

Ltd. and Research in Motion Corporation, filed December 19, 2011,

("RIM Defendants' Motion"); and

2.   Defendants Apple Inc. ("Apple") and Barnes & Noble, Inc.'s ("B&N") Consolidated Motion to Sever Claims and Transfer Venue, filed February 2, 2012, ("Apple and B&N's Motion").

Mark G. Matuschak, Esq., Michael D. Jay, Esq., Michael Purpura, Esq., and Michael J Scanlon, Esq. appeared on behalf of the RIM Defendants; Louise K.Y. Ing, Esq. and Christopher O. Green, Esq. appeared on behalf of Apple; Malia E. Kakos, Esq., and Ronald F. Lopez, Esq. (participating telephonically) appeared on behalf of B&N; Barry J. Bumgardner, Esq., Kenneth J. Mansfield, Esq., and Zachary R. Gates, Esq. appeared on behalf of Plaintiff GPNE Corp. ("GPNE"); Sharon V. Lovejoy, Esq. appeared on behalf of Defendant Amazon.com, Inc.; and Stephen M. Tannenbaum, Esq. appeared on behalf of Defndants Nokia Corporation, Nokia, Inc., and Sony Ericsson Mobile Communications (USA), Inc.

Having reviewed and considered the papers filed in this case, and the arguments presented by counsel, the Court GRANTS the RIM Defendants' Motion and GRANTS Apple and B&N's Motion. The Court also addresses the issue of misjoinder *sua sponte* as to the defendants that have not moved the Court for severance.

<u>BACKGROUND</u>

The Court only recites the background information necessary for the disposition of this Motion.  This is an action for patent infringement.  GPNE filed this action asserting

infringement claims of three patents against sixteen defendants, including the RIM Defendants, Apple, and B&N (collectively the "Moving Defendants").  GPNE puts the sixteen defendants into nine groups; these nine defendant groups are unrelated.  See Compl. ¶¶ 2-31.[1]  GPNE is a Delaware corporation, its principal place of business is in Hawaii, and all of GPNE's employees are residents of Hawaii.  Compl. ¶¶ 1, 41.  Apple is a California corporation with its principal place of business in California.  Id. ¶ 4. B&N is a Delaware corporation with its principal place of business in New York.  Id. ¶ 6.  The RIM Defendants are foreign entities, with their principal places of business in Ontario, Canada and Irving, Texas.  Id. ¶¶ 20, 21.  The other defendants are entities organized under the laws of other states or foreign countries and have principal places of business in locations outside of Hawaii.  See id. ¶¶ 2, 8-31.  GPNE alleges that each defendant "has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district" and that its products are sold in this judicial district.  Id. ¶¶ 3, 5, 7, 11, 15, 19, 23, 27, 31.  GPNE alleges that the Moving Defendants are

---

[1] One group of defendants, Garmin Ltd. and Garmin International, Inc., have since been dismissed from this matter. See Docket Nos. 22 and 232.  One defendant, Sony Ericsson Mobile Communications AB, was voluntarily dismissed.  Docket No. 187.

directly infringing its asserted patents "by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices with the ability to function with GPRS[2] including, [various products] to customers."  Compl. ¶¶ 45, 46, 50, 57, 58, 62, 69, 70, 74.  In its allegations against each of the Moving Defendants, GPNE includes specific reference to a particular product made, sold, or imported by each Moving Defendant.  Id.  GPNE makes similar allegations against the other defendants referencing various products made, sold, or imported by the other defendants.  See id. ¶¶ 44-77.  The accused products include tablet computers, e-readers, and other "computerized communications devices," including cellular telephones and smartphones.  Id. ¶¶ 5, 7, 15, 19, 23, 31, 44-52, 56-64, 68-76.  The Complaint does not allege any connection or relationship between any of the groups of defendants or their products, aside from the allegation that all of the defendants have infringed the asserted patents.  See id.

<u>ANALYSIS</u>

The Moving Defendants seek severance of the claims against them pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure and transfer of the severed claims pursuant to 28 U.S.C. § 1404(a).  Before determining whether transfer is

---

[2] The term "GPRS" is not defined in the Complaint.  It stands for "general packet radio service," a technology that enables data transfers through cellular networks.

appropriate, the Court must first consider whether the defendants were improperly joined under Rule 20 and should be severed under Rule 21.

## I.  Joinder

Rule 20(a)(2) allows joinder of defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20; Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).  Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits."  League to Save Lake Tahoe v. Tahoe Reg. Planning Agency, 558 F.2d 914, 917 (9th Cir. 1972).

Here, the Moving Defendants argue that joinder is not appropriate because GPNE cannot meet Rule 20's same transaction or occurrence test.  RIM Defs.'s Mot. at 12-13; Apple and B&N's Mot. at 8-9.  Specifically, the Moving Defendants assert that the eight defendant groups are entirely unrelated and most are competitors.  RIM Defs.' Mot. at 16-18; Apple and B&N's Mot. at 9-10.  The Moving Defendants note that although GPNE's allegations of infringement involve the same asserted patents, the alleged infringement occurred through different products,

sales to different customers, at different prices, with different terms, on different dates, with different marketing and sales forces.  RIM Defs.' Reply at 4; Apple and B&N's Reply at 2-3. The Moving Defendants argue that other district courts in this circuit have routinely determined that joinder is inappropriate under similar circumstances and note that the Leahy-Smith America Invents Act recently codified the prohibition against joinder based on similar allegations.  RIM Defs.' Mot. at 15-16; Apple and B&N's Mot. at 8 (citing 35 U.S.C. § 299(b); Pub. L. No. 112-29 § 299 (2011) ("accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they have each infringed the patent or patents in suit."). Although the Leahy-Smith America Invents Act was passed two months after GPNE filed this suit and does not apply retroactively, the Moving Defendants argue that it is instructive in this case.  Id. (citing Pub. L. No. 112-29 § 19(e)).

GPNE argues that joinder is proper here because it has asserted a right to relief against all defendants "with respect to or arising out of the same . . . series of transactions of occurrences."  Opp. to RIM Defs.' Mot. at 5; Opp. to Apple and B&N's Mot. at 6.  GPNE contends that it has alleged "infringement by practicing a common standard" against all defendants.  Opp. to RIM Defs.' Mot. at 6; Opp. to Apple and B&N's Mot. at 6.

Although GPNE acknowledges that different products are at issue for each defendant, GPNE contends that each device must "practice GPRS (and the other standard in each case) the same way for purposes of infringement by having a computer processor interface that produces the very same signals with the same timing and information since they must all commonly work together on carrier networks."  Opp. to RIM Defs.' Mot. at 7; Opp. to Apple and B&N's Mot. at 7-8.

     Having carefully reviewed the pleadings in this action, the Court finds that GPNE has not alleged a right to relief against all defendants with respect to or arising out of the same series of transactions or occurrences.  GPNE has not alleged that the defendants engaged in related activities or acted in concert. Instead, GPNE alleges that each of the nine groups of defendants separately infringed the patents-in-suit.  The claims alleged against each defendant are predicated upon allegations that each defendant independently violated GPNE's patent rights by making, using, offering for sale, selling, or importing different products.  Many of those products compete with products sold by other defendants.  GPNE accuses the defendants of infringing the asserted patents in the same way, but not as part of the same transaction or series of transactions.  The Court agrees that there may be common questions of law and fact because the defendants are alleged to have infringed the same patents;

however, those common questions are insufficient to meet the
first requirement of Rule 20 that the defendants have engaged in
the same transaction or occurrence or series of transactions or
occurrences.  The claims alleged against each of the defendant
groups are based on its own independent acts of infringement that
are separate from the alleged acts of any of the other
defendants.

Although the Ninth Circuit has not addressed the issue,
other district courts in the Ninth Circuit have "largely find
joinder inappropriate" in similar patent cases.  <u>Interval
Licensing LLC v. AOL, Inc.</u>, No. C10-1385 MJP, 2011 WLP 1655713,
at *1-*2 (W.D. Wash. Apr. 29, 2011) (finding joinder improper
where each defendant was accused of infringing the relevant
patents in a similar way, but operated differently and offered
products that often competed with those of other defendants); <u>see
also</u>, <u>Innovus Prime, LLC v. LG Electronics, Inc.</u>, No. C 11-04223
JW, 2012 WL 161207, at *2 (N.D. Cal. Jan. 18, 2012) (finding
joinder improper where plaintiff alleged that each of the nine
groups of defendants independently infringed the relevant patent
and did not allege that the defendants acted in concert);
<u>Tierravision, Inc. v. Research in Motion Ltd., et al.</u>, No.
11cv0639 DMS(BGS), 2011 WL 4862961, at *1 (S.D. Cal. Sept. 16,
2011)(finding joinder improper where plaintiff alleged that each
defendants' software application infringed its patent through the

use of similar devices and used data obtained from the same source); <u>WiAV Networks LLC v. 3Com Corp.</u>, No. C 10-3488 WHA, 2010 WL 3895047, at *3 (N.D. Cal. Oct. 1, 2010) (finding joinder improper where plaintiff alleged that the defendants' products infringed the same patent by practicing a common standard). GPNE's attempt to distinguish its claims from this line of cases is unpersuasive. Even though GPNE argues that the infringement analysis will not vary from defendant to defendant, Rule (20)(a) requires both a "question of law or fact common to all defendants" and "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). GPNE has not met this requirement. Therefore, joinder was improper under Rule 20(a).

## I. Severance

Pursuant to Rule 21, an appropriate remedy for misjoinder is to sever the claims against the misjoined parties. Fed. R. Civ. P. 21. Rule 21 provides that misjoinder "is not a ground for dismissing an action" and allows a court to "sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion to sever under Rule 21. <u>See Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1297 (9th Cir. 2000). "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." <u>Coughlin</u>, 130 F.3d at 1350

(citing Fed. R. Civ. P. 21).   GPNE does not argue that any substantial right will be prejudiced by the severance.

Based on its finding of improper joinder, the Court severs all of the defendants, except the first named defendant Amazon, Inc., from this action and directs the Clerk of Court to assign GPNE's claims against each defendant group below a separate case number:

1.   Apple Inc.

2.   Barnes & Noble, Inc.

3.   Nokia Corporation and Nokia, Inc.

4.   Pantech Co., Ltd. and Pantech Wireless, Inc.

5.   Research In Motion Ltd. and Research in Motion Corporation;

6.   Sharp Corporation and Sharp Electronics Corporation; and

7.   Sony Ericsson Mobile Communications (USA), Inc.

The Clerk is further directed to file a copy of the Complaint and a copy of this order in each new action.   The scheduling order in this case (Docket. No. 114) as amended (Docket No. 238) will govern all actions until otherwise ordered by the court.   All future pleadings shall be filed in the appropriate action.

## II.   Transfer

As discussed below, transfer is appropriate for the severed cases against the RIM Defendants, Apple, and B&N.   "For

the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Under section 1404(a), "the district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'"  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  A motion to transfer should be granted where the defendant "make[s] a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  The moving party has the burden to prove that an alternative forum is more appropriate.  Jones, 211 F.3d at 498.

The Court may consider several factors in determining whether to transfer venue including the plaintiff's choice of forum, the parties' contacts with the forum, the contacts in the forum relating to the cause of action, the costs of litigation in the two forums, the availability of non-party witnesses, and the accessibility of evidence.  Jones, 211 F.3d at 498–99.  The Court should also consider public factors including judicial economy, administrative difficulties, and the interest in having localized controversies decided in the home forum.  Creative Tech. v. Aztech Sys. PTE, 61 F.3d 696, 703–04 (9th Cir. 1995).

11

Here, GPNE does not contest that venue would be appropriate in either the Northern District of Texas or the Northern District of California.  Opp. to RIM Defs.' Mot. at 10 n.6; Opp. to Apple and B&N's Mot. at 9 n.6.  Accordingly, the Court's inquiry will focus on whether transfer should be granted in consideration of convenience and fairness.

A.   Plaintiff's Choice of Forum

GPNE has chosen to pursue its claims in Hawaii, the location of its principal place of business.  The Moving Defendants assert that GPNE's choice of forum should not be afforded deference because the allegations in the Complaint do not have a connection to Hawaii.  See Apple and B&N's Mot. at 14-15.  Although the plaintiff's choice of forum is usually entitled to deference, Decker Coal, 805 F.2d at 843, it is entitled to less deference when the forum lacks a significant connection to the allegations in the complaint.  See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (where operative facts have not occurred in the forum and the forum has no interest in the parties or subject matter, plaintiff's choice is entitled to "only minimal consideration"); Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005)("Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum.").  As discussed below, the allegations are not based on

conduct that occurred solely in Hawaii and the parties' contacts with Hawaii related to this litigation are not significant. Accordingly, the Court affords less deference to GPNE's choice of forum.

B.   <u>Parties' Contacts with the Forum</u>

1.   **Contacts with Hawaii**

GPNE is headquartered in Hawaii.  Compl. ¶ 1.  GPNE asserts that its research and development efforts occurred in Hawaii.  Opp. to RIM Defs.' Mot. at 18.  GPNE asserts that GPNE's CEO, Edwin Wong, and GPNE's in-house counsel, Ernest Bodner, are residents of Hawaii.  <u>Id.</u> at 18-19.  GPNE also contends that one of the inventors of the patents-in-suit, Gabriel Wong, resides in Hawaii although, as discussed below, this fact is challenged by the Moving Defendants because Mr. Wong's declaration states that he spends most of his time in Hong Kong and only travels to Hawaii once or twice a year.  G. Wong Decl. ¶ 12, attached to Opp. to RIM Defs.'s Mot.

For the Moving Defendants, the RIM Defendants assert that their only contact with Hawaii is through the sale of their products in the state.  RIM Defs. Mot. at 11.  GPNE asserts that a subsidiary of the RIM Defendants is registered to do business in Hawaii.  Opp. to RIM Defs.' Mot. at 17-18.  In response, the RIM Defendants note that the subsidiary registered to do business in Hawaii does not have a physical facility in Hawaii, does not

have any employees in Hawaii, and has no involvement in the
design, development, manufacturing, or testing of any products at
issue in this case.  RIM Defs.' Reply at 18 n.7.  Apple contends
that its only contacts with Hawaii are its retail stores and the
sales of its products within Hawaii.  Apple and B&N's Mot. at 15.
Similarly, B&N asserts that its only contacts with Hawaii are its
retail stores and the sales of its products within Hawaii.  Id.
at 16.

        Although GPNE is headquartered in Hawaii and some of
its party witnesses reside in Hawaii, this factor is neutral
because the Moving Defendants have minimal contacts with Hawaii.

### 2.  Contacts with Texas

        The RIM Defendants contend that the RIM Corporation is
the sole entity distributing the accused products.  RIM Defs.'
Mot. at 9.  RIM Corporation's headquarters is located in the
Northern District of Texas.  RIM Defs.' Mot. at 4.  RIM employees
who have knowledge about RIM's research and development for the
accused products are located either in Texas or in RIM Ltd.'s
headquarters in Waterloo, Ontario, Canada.  Id. at 9.  RIM
Corporation's headquarters in Texas houses many of the RIM
Defendants' employees related to research and development,
licensing and standards, sales, marketing, and testing.  Id. at
5, 9.  The RIM Defendants also assert that relevant documents
pertaining to the accused products are all available in Texas.

14

<u>Id.</u> at 10-11.  The Moving Defendants also contend that although GPNE chose the District of Hawaii for this case, GPNE has chosen the Eastern District of Texas for four other cases; two of the four cases in the Eastern District of Texas were transferred to the Eastern District of Texas from Delaware on GPNE's motion. RIM Defs.'s Mot. at 27; Apple & B&N's Mot. at 14-15.  The RIM Defendants assert that these cases are infringement claims on a patent related to the patents-in-suit here.  RIM Defs.'s Mot. at 27.  GPNE acknowledges that it filed two cases in the Eastern District of Texas several years ago, but notes that those cases involved different patents, different defendants, and different counsel.  Opp. to RIM Defs.'s Mot. at 18.  On balance, this factor weighs in favor of transfer to Texas.

### 3.  Contacts with California

Both Apple and B&N assert that the patent infringement alleged in this case is based on products and technology developed by Apple and B&N in the Northern District of California.  Apple and B&N's Mot. at 13.  Apple resides in Cupertino, California in the Northern District of California and it asserts that all of its relevant witnesses and documents are located there.  <u>Id.</u> at 15-16.  B&N contends that its design, development, sourcing decisions, and software developments related to its accused products takes place in its Palo Alto office in the Northern District of California.  <u>Id.</u> at 15-16.

15

B&N asserts that all of its relevant technical witnesses and documents are located there.  Id. at 16.  As discussed below, at least two non-party witnesses identified by GPNE also reside in California.  See GPNE's Initial Disclosures, attached as Ex. D to RIM Defs.'s Mot. at 6.  On balance, this factor weighs in favor of transfer to California.

   C.   Parties' Contacts in Hawaii Related to GPNE's Claims

        GPNE alleges that the defendants infringed the patents-in-suit by "making, using, offering for sale, selling and/or importing computerized communications devices with the ability to function with GPRS" including various products specific to each defendant.  See Compl. ¶¶ 45, 46, 50, 57, 58, 62, 69, 70, 74. Although the Moving Defendants acknowledge that their products are sold in Hawaii and throughout the United States, they assert that GPNE's claims have no special relationship to the District of Hawaii.  RIM Defs.' Mot. at 11.  The Moving Defendants contend that they do not have contacts with Hawaii that are related to the cause of action.  Apple and B&N's Mot. at 17.  The Moving Defendants assert, in contrast, that GPNE has contacts with the Northern District of California related to GPNE's claims, including the fact that one of the inventors of the patents-in-suit lives in California and the attorneys who prosecuted the patents-in-suit are also located in Northern California.  Id. at

17.  Given the lack of contact in Hawaii related to GPNE's
claims, this factor weighs in favor of transfer.

    D.  <u>Accessibility of Witnesses</u>

      "The convenience of the witnesses is often the most
important factor in resolving a motion to transfer." <u>Ruiz v.
Affinity Logistics</u>, No. C 05-02015-JSW, 2005 WL 5490240, at *8
(N.D. Cal. Nov. 7, 2005).  Although the convenience of party
witnesses should be considered, the convenience of non-party
witnesses is more important.  <u>Saleh v. Titan Corp.</u>, 361 F. Supp.
2d 1152, 1160-61 (S.D. Cal. 2005)(citations omitted).

    **1.  Witnesses in Hawaii**

      GPNE asserts that three party witnesses are residents
of Hawaii:  GPNE's general counsel, chief executive officer, and
chairman.  Opp. to RIM Defs.' Mot. at 15.  The Moving Defendants
challenge the claimed Hawaii residency of GPNE's chairman, who is
also one of the inventors of the patents in suit, Mr. Gabriel
Wong.  RIM Defs.' Mot. at 13-14.  In his declaration, Mr. Wong
states that he spends the majority of his time in Hong Kong and
only visits Hawaii once or twice a year.  G. Wong Decl. ¶ 12.
However, Mr. Wong has a current Hawaii driver's license and pays
Hawaii state taxes.  <u>Id.</u> ¶ 9, 10.

    **2.  Witnesses in Texas**

      In its initial disclosures, GPNE also lists
representatives of each defendants with knowledge "relevant to

the manufacture, sale, use and distribution of productions and services using the technology at issue in this case." Ex. D to RIM Defs.'s Mot. at 6.  In their initial disclosures, the RIM Defendants identify four RIM Defendants party witnesses who reside in Texas.  Ex. F to RIM Defs.' Mot. at 4-5.  The RIM Defendants also list four other party witnesses who work for RIM Ltd.; however, the RIM Defendants do not indicate where these witnesses reside.  Id. at 5-6.  The RIM Defendants assert that Texas is considerably more convenient than Hawaii for its trial witnesses and potential deposition witnesses based in Texas and Canada.  RIM Defs.' Mot. at 9-10.  The RIM Defendants assert that if their case were to be transferred to Texas, any witnesses from their Canada office would have access to office space at the Irving, Texas headquarters of RIM Corporation, which would significantly reduce the costs and inconvenience of traveling for trial.  Id.

### 3. Witnesses in California

Two non-party witnesses listed in GPNE's initial disclosures appear to reside in California: (1) the second inventor of the patents-in-suit, Po Sing Tsui, whose address is listed in Santa Clara, California; and (2) attorneys from Fliesler Meyer LLP involved with the prosecution of the patents-in-suit, who have their offices in San Francisco, California. See GPNE's Initial Disclosures, attached as Ex. D to RIM Defs.'s

Mot. at 6.  Under Rule 45(b)(2)(C) of the Federal Rules of Civil
Procedure, a district court may compel attendance through the
issuance of a subpoena at any place within the district of the
court by which it is issued or at any place within 100 miles of
where the deposition, trial, or hearing is being held.  Fed. R.
Civ. P. 45(b)(2)(C).  For these two non-party witnesses located
in California, a court in the Northern District of California
would have subpoena power over them and Hawaii would not.  GPNE
asserts that if these witnesses are unwilling to travel to Hawaii
for trial, their depositions could be taken without any
significant prejudice to either party.  Opp. to RIM Defs.' Mot.
at 19.

Apple and B&N assert that material party witnesses are
also located in the Northern District of California.  Apple and
B&N's Mot. at 20.  For Apple, all of the employees who are
knowledgeable regarding the development and sale of the accused
Apple devices reside in California.  See Apple's Initial
Disclosures, Ex. C to Apple and B&N's Mot.  B&N asserts that its
employees who are knowledgeable about the development of the
accused products reside in Northern California.  Apple and B&N's
Mot. at 21; Decl. of D. Gilbert in support of Defs.' Apple and
B&N's Mot. ¶ 5 attached as Ex. D to Apple and B&N's Mot.  B&N
also notes that its employees who are knowledgeable regarding the
sale of accused B&N devices reside in New York; however, B&N

argues that travel to Northern California would be significantly more convenient for its New York witnesses than travel to Hawaii. Apple and B&N's Mot. at 21; B&N's Initial Disclosures, attached as Ex. E to Apple and B&N's Mot.

As noted above, there are a two non-party witnesses within the subpoena power of the Northern District of California who would not be able to be compelled to appear in the District of Hawaii. The fact that the Northern District of California is a venue with usable subpoena power weighs in favor of transfer to the Northern District of California for Apple and B&N. Although four of the RIM Defendants' party witnesses reside in Texas, given the GPNE party witnesses who reside in Hawaii, this factor is neutral when considering transfer to the Northern District of Texas.

E.   Accessibility of Evidence

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009)(quoting Neil Bros. Ltd., 425 F. Supp. 2d at 330 (quotation marks omitted)). Here, the RIM Defendants assert that relevant documents pertaining to the accused products are all available in Texas. RIM Defs.' Mot. at 10-11. Apple and B&N assert that a majority of the relevant documents, source

code, and physical evidence is located in the Northern District of California. Apple and B&N's Mot. at 21. In its initial disclosures, GPNE asserts that its relevant documents are stored here in Hawaii and also "at the offices of Burns & Levinson, LLP" in Boston, Massachusetts. Ex. D to RIM Defs.'s Mot. at 7. GPNE asserts that any documents that are available electronically can be easily transmitted between the parties regardless of physical location. Opp. to RIM Defs.' Mot. at 21. Because the bulk of the relevant evidence is outside of Hawaii, this factor weighs heavily in favor of transfer to Texas and California.

     F.   <u>Cost of Litigation Between the Two Forums</u>

     The Moving Defendants assert that defending this litigation in Hawaii would be significantly more costly than if the actions were transferred to Texas and California. RIM Defs.' Mot. at 24-26; Apple and B&N's Mot. at 18. Apple and B&N assert that the cost for the non-party witnesses discussed above would also be significantly reduced if the actions against Apple and B&N were transferred to the Northern District of California. Apple and B&N's Mot. at 18. B&N notes that although its corporate headquarters is in New York, California is approximately 2000 miles closer than the District of Hawaii, which significantly reduces the cost and burden of travel on witnesses. <u>Id.</u>

GPNE argues that moving the case to Texas or California merely shifts the inconvenience from the Moving Defendants to GPNE.  Opp. to RIM Defs.' Mot. at 15.  GPNE asserts that it has few employees and is significantly smaller than the Moving Defendants.  Id. at 13.  GPNE claims that traveling to the mainland for trial or substantive hearings will be more onerous to GPNE than traveling to Hawaii would be for the Moving Defendants.  Id.  GPNE asserts that the RIM Defendants have been a party to at least nine civil actions in federal courts outside of Texas without seeking to transfer them.  Id. at 20.

Given the costs that all parties will have to incur regardless of the venue, this factor is neutral.

G.    Public Considerations

The RIM Defendants assert that Texas has a strong localized interest in this case because RIM Corporation is headquartered in Texas and many material witnesses are residents of Texas.  RIM Defs.' Mot. at 23.  Apple and B&N argue that the Northern District of California has an interest in adjudicating disputes regarding technology created within its boarders.  Apple and B&N's Mot. at 13.  Apple and B&N also assert that the Northern District of California has significant experience with patent litigation.  Id. at 14.  On the other hand, GPNE argues that Hawaii has an interest in this litigation because GPNE's headquarters are here, the development of the patents-in-suit

occurred in Hawaii, and two witnesses are located here. GPNE's Opp. to RIM Defs.' Mot. at 14-15.  The Court finds that each of the proposed venues have an interest in this litigation so this factor is neutral.

GPNE also asserts that considerations of efficiency and judicial consistency weigh against transfer.  Opp. to RIM Defs.' Mot. at 23.  GPNE asserts that it would be more convenient for it to litigate all of its claims in a single consolidated action in Hawaii.  Id.  The Court finds that this factor weighs in favor of keeping these cases in Hawaii.  As discussed above, five suits will be proceeding in this district.  Although the Court could deny transfer on this basis, see In re Volkswagen of Am., Inc., 566 F.3d 1349, 1351 (Fed. Cir. 2009), this factor does not outweigh the evidentiary convenience factors discussed above and does not persuade the Court to maintain the claims against Apple, B&N, and the RIM Defendants in this district.

H.   Conclusion Regarding Transfer

Based on the factors discussed above, the court GRANTS the RIM Defendants' Motion and GRANTS Apple and B&N's Motion.  In the interests of justice and for the convenience of the parties and witnesses, the action against the RIM Defendants is TRANSFERRED to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a); the action against Apple is TRANSFERRED to the United States District Court

for the Northern District of California; and the action against B&N is TRANSFERRED to the United States District Court for the Northern District of California.  The Clerk of Court is DIRECTED to close the files and send any pending motions or further documents to the United States District Court for the Northern District of Texas or the Northern District of California as appropriate.

<u>CONCLUSION</u>

Based on the foregoing, the Court ORDERS as follows:

1.  All defendants are SEVERED from this action, except the first named defendant Amazon, Inc.

2.  The Clerk of Court shall open new case numbers for the claims against each defendant group below:

a.   Apple Inc.

b.   Barnes & Noble, Inc.

c.   Nokia Corporation and Nokia, Inc.

d.   Pantech Co., Ltd. and Pantech Wireless, Inc.

e.   Research In Motion Ltd. and Research in Motion Corporation;

f.   Sharp Corporation and Sharp Electronics Corporation; and

g.   Sony Ericsson Mobile Communications (USA), Inc.

3.  The Clerk is further directed to file a copy of the Complaint and a copy of this order in each new action.

4.  The scheduling order in this case (Docket. No. 114) as amended (Docket No. 238) will govern all actions until otherwise ordered by the court.

5.  All future pleadings shall be filed in the appropriate action.

6.  The case against Research In Motion Ltd. and Research in Motion Corporation is TRANSFERRED to the Northern District of Texas.  The Clerk of Court is DIRECTED to close the files and send any pending motions or further documents to the United States District Court for the Northern District of Texas.

7.  The case against Apple Inc. is TRANSFERRED to the Northern District of California.  The Clerk of Court is DIRECTED to close the file and send any pending motions or further documents to the Northern District of California.

8.  The case against Barnes & Noble, Inc. is TRANSFERRED to the Northern District of California.  The Clerk of Court is DIRECTED to close the file and send any pending motions or further documents to the Northern District of California.

IT IS SO ORDERED.

DATED:  HONOLULU, HAWAII, MARCH 9, 2012

Richard L. Puglisi
United States Magistrate Judge

**GPNE CORP. V. AMAZON.COM, INC., ET AL.**, CIVIL NO. 11-00426 SOM-RLP, **MEMORANDUM OPINION AND ORDER REGARDING MOTION TO SEVER AND TRANSFER**

PLAINTIFF'S CLAIMS AGAINST RESEARCH IN MOTION LTD. AND RESEARCH IN MOTION CORPORATION AND DEFENDANTS APPLE INC. AND BARNES & NOBLE, INC.'S CONSOLIDATED MOTION TO SEVER CLAIMS AND TRANSFER VENUE