**GARTEISER HONEA, P.C.**
Randall T. Garteiser (SBN 231821)
randall.garteiser@sftrialattorneys.com
Christopher A. Honea (SBN 232473)
chris.honea@sftrialattorneys.com
44 North San Pedro Road
San Rafael, California 94903
[Tel.] (415) 785-3762
[Fax] (415) 785-3805

**NELSON BUMGARDNER CASTO, P.C.**
Barry J. Bumgardner (*Pro Hac Vice*)
Steven W. Hartsell (*Pro Hac Vice*)
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
[Tel.] (817) 377-9111
[Fax] (817) 377-3485
barry@nbclaw.net
shartsell@nbclaw.net

**BURNS & LEVINSON LLP**
Howard J. Susser (*Pro Hac Vice*)
Paul T. Muniz (*Pro Hac Vice*)
Zachary R. Gates (*Pro Hac Vice*)
Alexandra Capachietti (*Pro Hac Vice*)
125 Summer Street
Boston, Massachusetts  02110-1624
[Tel.] (617) 345-3000
[Fax] (617) 345-3299
hsusser@burnslev.com
pmuniz@burnlev.com
zgates@burnslev.com
acapachietti@burnslev.com

ATTORNEYS FOR PLAINTIFF GPNE CORP.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| GPNE CORP., <br><br> Plaintiff, <br><br> vs. <br><br> APPLE, INC. <br><br> Defendants. | Civil No. 5:12-CV-02885-LHK <br><br> **JURY TRIAL DEMANDED** |

**GPNE CORP.'S ANSWER TO DEFENDANT APPLE, INC.'S COUNTERCLAIM FOR DECLARATORY RELIEF FILED NOVEMBER 13, 2012**

**INTRODUCTION**

Plaintiff GPNE Corp. ("GPNE" or "Plaintiff"), by and through its attorneys, Garteiser Honea, P.C., Nelson Bumgardner Casto, P.C., and Burns & Levinson LLP, hereby respectfully submits the following as its Answer to Defendant Apple, Inc.'s ("Defendant") Counterclaim for Declaratory Relief, filed November 13, 2012 ("Counterclaim").

1.  In response to the first unnumbered paragraph of the Counterclaim, Plaintiff admits that Defendant purports to incorporate by reference paragraphs 1-69 of its Answer.  Plaintiff denies that Defendants' affirmative defenses have any factual or legal merit.  Except as stated otherwise, the allegations in the first unnumbered paragraph of the Counterclaim are denied.

**PARTIES**

2.  The allegations in Paragraph 70 of the Counterclaim are admitted, upon information and belief.

3.  The allegations in Paragraph 71 of the Counterclaim are admitted.

## JURISDICTION AND VENUE

4.  In response to Paragraph 72 of the Counterclaim, Plaintiff admits that this Court has subject matter jurisdiction over Defendant's Counterclaim. Plaintiff also admits that this Court has personal jurisdiction over GPNE. Plaintiff further admits that it filed a suit asserting infringement of the '267, '954, and '492 patents. Except as stated otherwise, the allegations in Paragraph 72 of the Counterclaims are denied.

5.  In response to Paragraph 73 of the Counterclaim, Plaintiff admits that venue is proper in this District. Plaintiff further admits that it filed a suit asserting infringement of the '267, '954, and '492 patents. Except as stated, the allegations in Paragraph 12 of the Counterclaim are denied.

## FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '267 PATENT

6.  In response to Paragraph 74 of the Counterclaim, Plaintiff admits that Defendant purports to incorporate Paragraphs 70 through 73 of its Counterclaim. Plaintiff re-alleges and incorporates by reference Paragraphs 1-5 above. Plaintiff denies that Defendants' Affirmative Defenses have any factual or legal merit. Except as stated otherwise, the allegations in Paragraph 74 of the Counterclaim are denied.

7.  The allegations in Paragraph 75 of the Counterclaim are legal conclusions to which no response is required; however, to the extent that Paragraph 75 contains any factual allegations to which Plaintiff must respond, Plaintiff admits same.

8.  In response to Paragraph 76 of the Counterclaim, Plaintiff admits that Defendant seeks a declaration from this Court that Defendant does not infringe any claims of the '267 patent. Plaintiff denies, however, that Defendant is entitled to such relief. Plaintiff denies the remaining allegations in Paragraph 76 of the Counterclaim.

## SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF

## NON-INFRINGEMENT OF THE '954 PATENT

9.     In response to Paragraph 77 of the Counterclaim, Plaintiff admits that Defendant purports to incorporate Paragraphs 70 through 73 of its Counterclaim. Plaintiff re-alleges and incorporates by reference Paragraphs 1-5 above. Plaintiff denies that Defendants' Affirmative Defenses have any factual or legal merit. Except as stated otherwise, the allegations in Paragraph 77 of the Counterclaim are denied.

10.    The allegations in Paragraph 78 of the Counterclaim are legal conclusions to which no response is required; however, to the extent that Paragraph 78 of the Counterclaim contains any factual allegations to which Plaintiff must respond, Plaintiff admits same.

11.    In response to Paragraph 79 of the Counterclaim, Plaintiff admits that Defendant seeks a declaration from this Court that Defendant does not infringe any claims of the '954 patent. Plaintiff denies, however, that Defendant is entitled to such relief. Plaintiff denies the remaining allegations in Paragraph 79 of the Counterclaim.

## THIRD COUNTERCLAIM: DECLARATORY JUDGMENT OF

## NON-INFRINGEMENT OF THE '492 PATENT

12.    In response to Paragraph 80 of the Counterclaim, Plaintiff admits that Defendant purports to incorporate Paragraphs 70 through 73 of its Counterclaim. Plaintiff re-alleges and incorporates by reference Paragraphs 1-5 above. Plaintiff denies that Defendants' Affirmative Defenses have any factual or legal merit. Except as stated otherwise, the allegations in Paragraph 80 of the Counterclaim are denied.

13.    The allegations in Paragraph 81 of the Counterclaim are legal conclusions to which no response is required; however, to the extent that Paragraph 81 contains any factual allegations to which Plaintiff must respond, Plaintiff admits same.

14. In response to Paragraph 82 of the Counterclaim, Plaintiff admits that Defendant seeks a declaration from this Court that Defendant does not infringe any claims of the '492 patent. Plaintiff denies, however, that Defendant is entitled to such relief. Plaintiff denies the remaining allegations in Paragraph 82 of the Counterclaim.

### FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT

### OF INVALIDITY OF THE '267 PATENT

15. In response to Paragraph 83 of the Counterclaim, Plaintiff admits that Defendant purports to incorporate Paragraphs 70 through 73 of its Counterclaim. Plaintiff re-alleges and incorporates by reference Paragraphs 1-5 above. Plaintiff denies that Defendants' Affirmative Defenses have any factual or legal merit. Except as stated otherwise, the allegations in Paragraph 83 of the Counterclaim are denied.

16. The allegations in the first sentence of Paragraph 84 of the Counterclaim are legal conclusions to which no response is required; however, to the extent that the first sentence of Paragraph 84 contains any factual allegations to which Plaintiff must respond, Plaintiff admits same. Plaintiff denies that it has wrongfully asserted the '267 patent against Apple and is without sufficient information, and therefore denies, that Plaintiff's assertion of the '267 patent has caused or will cause Apple irreparable injury and damage.

17. In response to Paragraph 85 of the Counterclaim, Plaintiff admits that Defendant seeks a declaration from this Court that the claims of the '267 patent are invalid. Plaintiff denies, however, that Defendant is entitled to such relief. Plaintiff denies the remaining allegations in Paragraph 85 of the Counterclaim.

18. Plaintiff denies the allegations in Paragraph 86 of the Counterclaim.

## FIFTH COUNTERCLAIM: DECLARATORY JUDGMENT

## OF INVALIDITY OF THE '954 PATENT

19. In response to Paragraph 87 of the Counterclaim, Plaintiff admits that Defendant purports to incorporate Paragraphs 70 through 73 of its Counterclaim. Plaintiff re-alleges and incorporates by reference Paragraphs 1-5 above. Plaintiff denies that Defendants' Affirmative Defenses have any factual or legal merit. Except as stated otherwise, the allegations in Paragraph 87 of the Counterclaim are denied.

20. The allegations in Paragraph 88 of the Counterclaim are legal conclusions to which no response is required; however, to the extent that Paragraph 88 of the Counterclaim contains any factual allegations to which Plaintiff must respond, Plaintiff admits same. Plaintiff denies that it has wrongfully asserted the '954 patent against Apple and is without sufficient information, and therefore denies, that Plaintiff's assertion of the '954 patent has caused or will cause Apple irreparable injury and damage.

21. In response to Paragraph 89 of the Counterclaim, Plaintiff admits that Defendant seeks a declaration from this Court that the claims of the '954 patent are invalid. Plaintiff denies, however, that Defendant is entitled to such relief. Plaintiff denies the remaining allegations in Paragraph 89 of the Counterclaim.

22. Plaintiff denies the allegations in paragraph 90 of the Counterclaim.

## SIXTH COUNTERCLAIM: DECLARATORY JUDGMENT

## OF INVALIDITY OF THE '492 PATENT

23. In response to Paragraph 91 of the Counterclaim, Plaintiff admits that Defendant purports to incorporate Paragraphs 70 through 73 of its Counterclaim. Plaintiff re-alleges and incorporates by reference Paragraphs 1-5 above. Plaintiff denies that Defendant's Affirmative

Defenses have any factual or legal merit.  Except as stated otherwise, the allegations in Paragraph 91 of the Counterclaim are denied.

24. The allegations of Paragraph 92 of the Counterclaim are legal conclusions to which no response is required; however, to the extent that Paragraph 92 of the Counterclaim contains any factual allegations to which Plaintiff must respond, Plaintiff admits same.  Plaintiff denies that it has wrongfully asserted the '492 patent against Apple and is without sufficient information, and therefore denies, that Plaintiff's assertion of the '492 patent has caused or will cause Apple irreparable injury and damage.

25. In response to Paragraph 93 of the Counterclaim, Plaintiff admits that Defendant seeks a declaration from this Court that the claims of the '492 patent are invalid.  Plaintiff denies, however, that Defendant is entitled to such relief.  Plaintiff denies the remaining allegations in Paragraph 93 of the Counterclaim.

26. Plaintiff denies the allegations in Paragraph 94 of the Counterclaim.

27. Plaintiff denies the allegations contained in the "WHEREFORE" clause following Paragraph 94 of the Counterclaim.  Further answering, Plaintiff denies that Defendant is entitled to any relief sought from it.

28. Each and every other allegation not heretofore specifically answered is denied.

**FIRST DEFENSE**

17. The Counterclaim fails to state a claim against Plaintiff upon which relief can be granted.

**SECOND DEFENSE**

18. The Counterclaim is barred, in whole or in part, by the doctrines of waiver and/or unclean hands.

7

## THIRD DEFENSE

19. Plaintiff asserts that because the Counterclaim is stated in vague and conclusory terms, Plaintiff cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Plaintiff reserves the right to assert or rely upon any other matter constituting an avoidance or affirmative defense as set forth in FED. R. CIV. P. 8(c) that is supported by information or facts obtained in discovery, at trial, or by other means during this case, and expressly reserves the right to amend its Answer to assert such additional affirmative defenses in the future. Plaintiff also reserves its right to seek to add other equitable and/or legal defenses in the event further discovery warrants their assertion(s).

WHEREFORE, Plaintiff prays:

A. That the Counterclaim be dismissed with prejudice, and judgment be entered in its favor;

B. That the Court award Plaintiff its costs and attorneys' fees incurred in defending against this Counterclaim; and

C. That it be awarded such other and further relief as the Court deems just and appropriate under the circumstances.

| | | |
|---|---|---|
| 1 | Dated: November 27, 2012 | Respectfully Submitted, |
| 2 | | |
| 3 | | /s/ Randall Garteiser<br>**GARTEISER HONEA, P.C.** |
| 4 | | Randall T. Garteiser (SBN 231821)<br>Christopher A. Honea (SBN 232473) |
| 5 | | 44 North San Pedro Road<br>San Rafael, California 94903 |
| 6 | | [Tel.] (415) 785-3762 |
| 7 | | [Fax] (415) 785-3805<br>randall.garteiser@sftrialattorneys.com |
| 8 | | chris.honea@sftrialattorneys.com |
| 9 | | **NELSON BUMGARDNER CASTO, P.C.**<br>Barry J. Bumgardner (*Pro Hac Vice*) |
| 10 | | Steven W. Hartsell (*Pro Hac Vice*)<br>3131 West 7th Street, Suite 300 |
| 11 | | Fort Worth, Texas 76107 |
| 12 | | [Tel.] (817) 377-9111<br>[Fax] (817) 377-3485 |
| 13 | | barry@nbclaw.net<br>shartsell@nbclaw.net |
| 14 | | |
| 15 | | **BURNS & LEVINSON LLP**<br>Howard J. Susser (*Pro Hac Vice*) |
| 16 | | Paul T. Muniz (*Pro Hac Vice*)<br>Zachary R. Gates (*Pro Hac Vice*) |
| 17 | | Alexandra Capachietti (*Pro Hac Vice*)<br>125 Summer Street |
| 18 | | Boston, Massachusetts 02110-1624<br>[Tel.] (617) 345-3000 |
| 19 | | [Fax] (617) 345-3299<br>hsusser@burnslev.com |
| 20 | | pmuniz@burnlev.com |
| 21 | | zgates@burnslev.com<br>acapachietti@burnslev.com |
| 22 | | |
| 23 | | **ATTORNEYS FOR PLAINTIFF GPNE CORP.** |

**GPNE CORP.'S ANSWER TO DEFENDANT APPLE, INC.'S COUNTERCLAIM FOR DECLARATORY RELIEF FILED NOVEMBER 13, 2012**

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2012, I electronically submitted the foregoing GPNE CORP.'S ANSWER TO DEFENDANT APPLE, INC.'S COUNTERCLAIM FOR DECLARATORY RELIEF FILED NOVEMBER 13, 2012 using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

                          /s/ Randall Garteiser
                          Randall Garteiser