UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GPNE CORPORATION, | ) | Case No.: 5:12-cv-02885-LHK-PSG |
| | ) | Case No.: 5:12-cv-03056-LHK-PSG |
| Plaintiff, | ) | Case No.: 5:12-cv-03057-LHK-PSG |
| | ) | |
| v. | ) | |
| | ) | **ORDER GRANTING GPNE'S** |
| APPLE INC., | ) | **ADMINISTRATIVE MOTIONS TO SEAL** |
| | ) | |
| Defendant. | ) | |
| | ) | **(Re: Docket No. 95, 92, 5:12-cv-02885-LHK-PSG)** |
| GPNE CORPORATION, | ) | **(Re: Docket No. 100, 97, 5:12-cv-03056-LHK-PSG)** |
| | ) | **(Re: Docket No. 92, 90, 5:12-cv-03057-LHK-PSG)** |
| Plaintiff, | ) | |
| v. | ) | |
| NOKIA CORPORATION, et al., | ) | |
| Defendants. | ) | |
| GPNE CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| PANTECH CORPORATION, et al., | ) | |
| Defendants. | ) | |

Before the court are Plaintiff GPNE Corp.'s ("GPNE") two administrative motions to file documents under seal.[1] The court considers each motion in turn.

## I. LEGAL STANDARDS

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[2] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[3] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[4]

Records attached to nondispositive motions, however, are not subject to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "Broad allegations of harm,

---

[1] *See* Docket No. 95, 92, Case No. 5:12-cv-02885-LHK-PSG; Docket No. 100, 97, Case No. 5:12-cv-03056-LHK-PSG; Docket No. 92, 90, Case No. 5:12-cv-03057-LHK-PSG.

[2] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[3] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[4] *Id.* at 1178-79.

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

2
Case No.: 5:12-cv-02885, -03056, -03057-LHK-PSG
ORDER GRANTING GPNE'S ADMINISTRATIVE MOTIONS TO SEAL

unsubstantiated by specific examples of articulated reasoning" will not suffice.[9]  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12]  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

---

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

[12] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version," Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1).  The Civil Local Rules have recently been amended shortening the time available to the designating party to file a supporting declaration from seven days to four days.  As this rule change was only recently implemented the court applies the prior form of Civ. L.R. 79-5 for the purposes of this order.

3
Case No.: 5:12-cv-02885, -03056, -03057-LHK-PSG
ORDER GRANTING GPNE'S ADMINISTRATIVE MOTIONS TO SEAL

## II. DISCUSSION

**A.     GPNE's Motion to Compel and Related Exhibit W**

GPNE, the submitting party, filed an administrative motion to seal (1) portions of its Motion to Compel Supplemental Responses to Non-Infringement Contention Interrogatories and (2) portions of Exhibit W to the Declaration of Zachary R. Gates ("the Gates Declaration") in support of GPNE's motion to compel.[14] GPNE argues the documents at issue contain information designated by Defendants Nokia Corp. and Nokia Inc. (collectively, "Nokia") as "Confidential – Outside Counsel's Eyes Only."  The court considers each set of documents below.

### 1.     GPNE's Motion to Compel

Nokia asks the court to seal GPNE's motion to compel because redacted statements within the motion "provide sensitive information regarding product compliance testing, this information is maintained on a product by product basis and the compilation of such information are not publicly shared."[15]  Nokia does not ask the court to seal GPNE's motion in its entirety.  Instead, Nokia targets sensitive information related to "product compliance testing."[16]  Nokia represents this information is "kept confidential in the ordinary course of business and not publicly known."[17]  After reviewing Nokia's declaration and the redacted information, the court is satisfied the good cause standard has been met.

### 2.     Exhibit W to the Gates Declaration

Nokia presents similar argument in support of its request to seal Exhibit W to the Gates Declaration.  The redacted information in Exhibit W relates to "sensitive information

---

[14] *See* Docket No. 95, Case No. 5:12-cv-02885-LHK-PSG; Docket No. 100, Case No. 5:12-cv-03056-LHK-PSG; Docket No. 92, Case No. 5:12-cv-03057-LHK-PSG.

[15] Docket No. 101 at ¶ 3, Case No. 5:12-cv-02885-LHK-PSG; Docket No. 104 at ¶ 3, Case No. 5:12-cv-03056-LHK-PSG; Docket No. 96 at ¶ 3, Case No. 5:12-cv-03057-LHK-PSG.

[16] *Id*.

[17] Docket No. 101 at ¶ 2, Case No. 5:12-cv-02885-LHK-PSG; Docket No. 104 at ¶ 2, Case No. 5:12-cv-03056-LHK-PSG; Docket No. 96 at ¶ 2, Case No. 5:12-cv-03057-LHK-PSG.

regarding product compliance testing, this information is maintained on a product by product basis and the compilation of such information are not publicly shared."[18]  After reviewing Nokia's declaration and the redacted information, the court is satisfied the good cause standard has been met.

**B.     Exhibit E to the Susser Declaration in Support of GPNE's Motion for Leave to Amend/Supplement Its Infringement Contentions Post-*Markman***

GPNE also asks the court to seal Exhibit E to the Declaration of Howard J. Susser ("the Susser Declaration") in support of GPNE's Motion for Leave to Amend/Supplement Its Infringement Contentions Post-Markman.[19]  GPNE represents that the Susser Declaration contains information designated by Nokia as "Attorney's Eyes Only."[20]

The court agrees with the parties' representations that redactions to the Susser Declaration are narrowly tailored.[21]  Nokia claims "the redacted statements provide sensitive information regarding product compliance testing, this information is maintained on a product by product basis and the compilation of such information are not publicly shared."[22]  After reviewing the redactions, the court finds the good cause standard to be satisfied.[23]

The court GRANTS GPNE's administrative motions to seal.

---

[18] *Id*.

[19] *See* Docket No. 92, Case No. 5:12-cv-02885-LHK-PSG; Docket No. 97, Case No. 5:12-cv-03056-LHK-PSG; Docket No. 90, Case No. 5:12-cv-03057-LHK-PSG.

[20] Docket No. 92-1 at ¶ 2, Case No. 5:12-cv-02885-LHK-PSG; Docket No. 97-1 at ¶ 2, Case No. 5:12-cv-03056-LHK-PSG; Docket No. 90-1 at ¶ 2, Case No. 5:12-cv-03057-LHK-PSG.

[21] *Id*.

[22] Docket No.101 at ¶ 3, Case No. 5:12-cv-03056-LHK-PSG.

[23] The court notes that even though GPNE's request to seal Exhibit E to the Susser Declaration was filed in the three related cases separately, the supporting declaration by Nokia was only filed in Case No. 5:12-cv-03056-LHK-PSG.

5
Case No.: 5:12-cv-02885, -03056, -03057-LHK-PSG
ORDER GRANTING GPNE'S ADMINISTRATIVE MOTIONS TO SEAL

**IT IS SO ORDERED.**

Dated: October 23, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge