UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GPNE CORP., | ) | Case No.: 5:12-cv-02885-LHK-PSG |
| | ) | Case No.: 5:12-cv-03057-LHK-PSG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER GRANTING GPNE LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS** |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | **(Re: Docket No. 91, 5:12-cv-02885-LHK-PSG)** |
| GPNE CORP., | ) | **(Re: Docket No. 89, 5:12-cv-03057-LHK-PSG)** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PANTECH CO., LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court are Plaintiff GPNE Corp.'s ("GPNE") motions for leave to amend and supplement its infringement contentions.[1] In the interest of expediency the court presumes

---

[1] *See* Docket No. 91, Case No. 5:12-cv-02885-LHK-PSG; Docket No. 89, Case No. 5:12-cv-03057-LHK-PSG.

1
Case No.: 5:12-cv-02885, -03057-LHK-PSG
ORDER GRANTING GPNE LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

United States District Court
For the Northern District of California

familiarity with the posture of the case and will only provide a brief recitation of the relevant factual background.[2]

## I. BACKGROUND

A claims construction hearing was held on June 6, 2013. Judge Koh issued a detailed order on August 13, 2013 that exhaustively reviewed the parties' arguments and construed ten claim terms.[3] GPNE seeks leave to amend its infringement contentions to address two of the court's constructions: "node" and "count value."

The claims construction order construed the claim term "'node' as meaning 'pager with two-way data communications capability that transmits wireless data communications on a paging system that operates independently from a telephone network.'"[4] By adopting that construction, Judge Koh departed from both parties' suggested constructions.[5] GPNE seeks leave to amend "to explain how the already identified and accused 'nodes' meet the claim term as construed" by the court.[6] As "to 'count value,' GPNE seeks to clarify that the asserted claims that contain a recitation to 'count value' are still literally infringed, since the asserted claims require a signal with 'information relating to a count value,' and GPNE merely expounds on the original contention to

---

[2] In light of the settlement agreement reached between GPNE and Nokia, GPNE's motion for leave to amend and supplement its infringement contentions in Case No. 5:12-cv-03056-LHK-PSG is DENIED-AS-MOOT. *See* Docket No. 118, at 1 Case No. 5:12-cv-03056-LHK-PSG ("Defendants Nokia Corporation and Nokia Inc. ('the Nokia Defendants') and Plaintiff GPNE Corp. ('GPNE') have reached an agreement in principle to settle the respective claims between them in this litigation."

[3] *See* Docket No. 87, Case No. 5:12-cv-02885-LHK-PSG.

[4] *Id.* at 9.

[5] *Id.* at 8 (GPNE proposed construction defined a node to mean a "device in a network that can transmit and receive information" and Defendants proposed construction defined a node to mean a "pager in a network operating independently of a telephone network").

[6] *See* Docket No. 91 at 1, Case No. 5:12-cv-02885-LHK-PSG.

2
Case No.: 5:12-cv-02885, -03057-LHK-PSG
ORDER GRANTING GPNE LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

show more precisely how such 'information' is derived in the accused products given the Court's construction."[7]

On August 19, 2013, GPNE notified Defendants that it intended to amend its contentions.[8] On September 13, 2013, GPNE sent Defendants a letter laying out some of its revised contentions.[9] Defendants believe GPNE's late-amended contentions are not warranted and thus GPNE now seeks leave of the court to amend its contentions.

## II. LEGAL STANDARDS

Patent Local Rule 3-6 allows the parties to amend their infringement contentions only "by order of the Court upon a timely showing of good cause."[10] The text of the local rule provides a non-exhaustive list of circumstances which, absent prejudice to the non-moving party, may support a finding of good cause: "(a) A claim construction by the Court different from that proposed by the party seeking amendment; (b) Recent discovery of material, prior art despite earlier diligent search; and (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."[11] The Patent Local Rules require parties to define their theories of infringement early on in the course of litigation.[12] By requiring the non-moving party to show good cause, Patent L.R. 3-6 balances the parties' rights to develop new information in discovery along with the need for certainty in legal

---

[7] *Id.* at 1.

[8] *See* Docket No. 91-11, Ex I, Case No. 5:12-cv-02885-LHK-PSG.

[9] *See* Docket No. 91-12, Ex. J, Case No. 5:12-cv-02885-LHK-PSG.

[10] Patent L.R. 3-6.

[11] *Id.*

[12] *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006) ("The Northern District of California has adopted local rules that require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity.").

3
Case No.: 5:12-cv-02885, -03057-LHK-PSG
ORDER GRANTING GPNE LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

theories at the start of the case.[13] The good cause inquiry considers first whether "the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence" was revealed.[14] The core is the moving party's diligence in investigating the claim and seeking to amend.[15] In considering the party's diligence, the critical question is whether the party "could have discovered" the new information "earlier had it acted with the requisite diligence."[16] The burden is on the moving party to show diligence.[17] The court then considers whether there would be undue prejudice to the non-moving party.[18] If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so.[19]

### III. ANALYSIS

**A.  GPNE's Diligence in Seeking Leave to Amend**

GPNE claims it was diligent in seeking leave to amend. Within six days of the court's claims construction order it notified Defendants that it intended to amend its contentions. Defendants' respond that GPNE should have anticipated that Judge Koh's tentative constructions

---

[13] *See id.* at 1366 ("The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories.").

[14] *Id.* at 1363.

[15] *Acer, Inc. v. Tech. Props. Ltd.*, Case No. 5:08-cv–00877-JF-HRL, 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010).

[16] *Google Inc. v. Netlist, Inc.*, Case No. 4:08-cv-04144-SBA, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010).

[17] *See O2 Micro*, 467 F.3d at 1355 ("The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence.").

[18] *See Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.*, Case No. 3:05-cv-04158-MHP, 2008 WL 624771, at *2 (N.D. Cal. 2008) ("This inquiry first considers whether plaintiff was diligent in amending its contentions and then considers prejudice to the non-moving party.").

[19] *See O2 Micro*, 467 F.3d at 1368 (affirming the district court's decision refusing leave to amend upon finding the moving party was not diligent, without considering the question of prejudice to the non-moving party); *see also Leland Stanford Junior Univ.*, 2008 WL 624771, at *3.

4
Case No.: 5:12-cv-02885, -03057-LHK-PSG
ORDER GRANTING GPNE LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

would become final and therefore sought leave to amend earlier. Defendants also suggest that the court's constructions are not materially different from the parties' proposed constructions and therefore leave to amend is not warranted.

The court finds GPNE was diligent in alerting Defendants of its intentions. GPNE could not have anticipated the full scope of the amendments needed without the court's claims construction order before it. Upon obtaining the court's order GPNE notified Defendants promptly and mitigated prejudice to Defendants by forwarding the amended contentions they anticipated filing with the court. GPNE was diligent in seeking leave to amend.

**B.      Prejudice to Apple and Pantech**

Defendants argue that even if GPNE was diligent, its "late-staged amendments" are "prejudicial to Defendants" because GPNE will be effectively prohibited from responding to GPNE's new theories in fact discovery.[20] The undersigned notes the presiding judge already denied GPNE's efforts to extend fact discovery at the parties' case management conference on October 2, 2013. Thus, Defendants complain, they will not be able to take discovery of GPNE based on the new theories.

GPNE responds that Defendants claims of prejudice ring hollow. Because "GPNE is not directing its proposed amended contentions to new products or new components of the accused products, the proposed amended contentions will not prejudice Defendants in any way."[21] "Defendants identify no new devices or components or software code implicated or that need to be the subject of discovery, and no new third parties or party individual witnesses from whom to take

---

[20] *See* Docket No. 104 at 19-20.

[21] *See* Docket No. 91 at 13 (citing *Apple v. Samsung*, 2013 U.S. Dist. Lexis 91450, *45 (N.D. Cal. June 26, 2013) ("The court also finds that Apple would not be prejudiced by these amendments. Apple has had notice that Samsung believes Apple's mobile devices infringe the patent and so it presumably already produced discovery regarding the products.").

5
Case No.: 5:12-cv-02885, -03057-LHK-PSG
ORDER GRANTING GPNE LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

discovery."[22] Indeed, only Nokia identified new discovery in light of the amended infringement contentions, but as noted above, Nokia and GPNE have reached a settlement agreement in principle.[23]

In light of GPNE's diligence and the lack of demonstrable prejudice, the court GRANTS GPNE's motion for leave to amend and supplement its infringement contentions.

**IT IS SO ORDERED.**

Dated: November 22, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[22] *See* Docket No. 116 at 3.

[23] *See supra* note 2.