| | |
|---|---|
| FISH & RICHARDSON P.C. | WILMER CUTLER PICKERING HALE AND DORR LLP |
| Katherine K. Lutton (CSB No. 194971 / lutton@fr.com) Enrique Duarte (CSB No. 247523 / duarte@fr.com) 500 Arguello Street, Suite 500 Redwood City, CA 94063 Tel: (650) 839-5070 Fax: (650) 839-5071 | Joseph J. Mueller (*pro hac vice*) joseph.mueller@wilmerhale.com 60 State Street Boston, MA 02109 Tel: (617) 526-6000 Fax: (617) 526-5000 |
| Ruffin B. Cordell (*pro hac vice*) cordell@fr.com 1425 K Street, NW, Suite 1100 Washington, DC 20005 Tel: (207) 783-5070 Fax: (207) 783-2331 | Matthew Hawkinson (CSB No. 248216 matthew.hawkinson@wilmerhale.com) 350 South Grand Avenue, Suite 2100 Los Angeles, California 90071 Tel: (213) 443-5300 Fax: (213) 443-5400 |
| Christopher O. Green (*pro hac vice*) cgreen@fr.com Aamir A. Kazi (*pro hac vice*) kazi@fr.com Jacqueline Tio (*pro hac vice*) tio@fr.com 1180 Peachtree Street, 21st Floor Atlanta, GA 30309 Tel: (404) 892-5005 Fax: (404) 892-5002 | Mark D. Selwyn (CSB No. 244180 mark.selwyn@wilmerhale.com) 950 Page Mill Road Palo Alto, CA 94304 Tel: (650) 858-6000 Fax: (650) 858-6100  Attorneys for Defendant APPLE INC. |
| Benjamin C. Elacqua (*pro hac vice*) elacqua@fr.com 1221 McKinney Street, Suite 2800 Houston, TX 77010 Tel: (713) 654-5300 Fax: (713) 652-0109 | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| GPNE, CORP.,<br><br>       Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>       Defendant. | Case No. 5:12-cv-02885-LHK<br><br>**APPLE INC.'S *DAUBERT* MOTION TO EXCLUDE TESTIMONY OF MICHAEL J. DANSKY**<br><br>**HEARING REQUESTED**<br><br>Date:  June 26, 2014<br>Time:  12:00 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

# NOTICE OF MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 26, 2014, or soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, Apple Inc. ("Apple") respectfully requests this Court to hear Apple's *Daubert* motion to exclude the testimony and damages opinion of Michael J. Dansky. Apple's motion is based on this Notice of Motion, Motion to Exclude, and the supporting declaration of Benjamin C. Elacqua filed herewith; and such evidence and argument as may properly be presented at the hearing on this matter.

# STATEMENT OF RELIEF TO BE REQUESTED

Apple moves for an order excluding two sets of opinions of GPNE's damages expert Michael J. Dansky from trial pursuant to Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 403.

## I.  INTRODUCTION

Like the excluded opinions from his initial report, the new opinions contained in Mr. Dansky's supplemental report are legally and factually deficient. Apple reserves its right to challenge all of Mr. Dansky's opinions as this case proceeds (*e.g.*, in JMOL briefing), but Apple limits its present *Daubert* challenge to two issues.[1] First, Mr. Dansky's opinion on alleged convoyed sales does not meet the methodological standards of *Daubert* because Mr. Dansky failed—as he concedes—to analyze the link (if any) between the patents-in-suit and the alleged convoyed sales. Second, Mr. Dansky's "Alternative Calculation" of the smallest saleable patent-practicing unit ("SSPPU") conflicts—as he concedes—with the Court's April 16, 2014 Order holding that the SSPPU is the baseband processor. Apple respectfully requests that the Court preclude Mr. Dansky from offering these two sets of opinions at trial.

---

[1] Apple previously moved to exclude the opinions and testimony of Mr. Dansky on the basis of Mr. Dansky's failure to use the baseband processor as the appropriate royalty base. (Dkt. Nos. 183, 223.) The Court held that the baseband processor was the smallest saleable patent-practicing unit but permitted Mr. Dansky to use an alternative royalty base (other than the smallest saleable patent-practicing unit). Apple will not reargue that point now, but reserves its appellate rights as to its position that Mr. Dansky methodologically was required to use the smallest saleable unit (the baseband processor) as the royalty base in his analysis.

1

APPLE'S MOTION TO EXCLUDE
TESTIMONY OF MR. DANSKY
Case No. 5:12-CV-02885-LHK

## II. STATEMENT OF THE ISSUE TO BE DECIDED

1. Whether the Court should exclude the testimony and opinion of Mr. Dansky regarding (a) alleged convoyed sales and (b) his "alternative" SSPPU calculation.

## III. STATEMENT OF RELEVANT FACTS

On April 3, 2014, the Court granted Apple's motion to exclude the opinion and testimony of Mr. Dansky, but allowed him a supplemental report to correct the methodological flaws present in his initial report. Dkt. No. 231. Mr. Dansky's supplemental report addresses a range of issues, two of which are challenged by this motion. First, in a "convoyed sales" section of his supplemental report, Mr. Dansky identifies "follow on sales for the accused products" to include iTunes, App Store, AppleCare warranty and service revenue, and purchase of additional Apple devices. (Ex. A, Dansky Supp. Report at 15.) He then "calculate[]s an amount for a portion of the convoyed sales value derived by Apple from its customers' demand for *ubiquitous data access*." (*Id.* at 16, 24 (emphasis added).) However, Mr. Dansky failed to isolate the particular relationship between the patents-in-suit and "demand for ubiquitous data access"—nor the convoyed sales allegedly dependent on ubiquitous data access:

> Q. *My question is have you attempted to isolate the fraction of the data transfer process that GPNE actually claims to own as distinct from everything else*?
> A. *No.*
> . . .
> Q. But again, *you, in your calculation, did not try to numerically isolate the convoyed sale value of the patents-in-suit specifically*, correct?
> A. No. I think theoretically I could have used sort of a patent counting method or one of the methods that we -- we use to try to isolate that amount, but *I did not do that.*

(*Id.* at 60:2-6, 61:18-25; *see also* 56:14-21 (agreeing GPNE did not invent data access).)

Second, Mr. Dansky's supplemental report contains an "Alternative Calculation" that acknowledges the Court's holding that the baseband processor is the smallest saleable unit, but nonetheless presents "a calculation based on an alternative position on the appropriate SSPPU." (Ex. A at 25-27.) At his deposition, Mr. Dansky admitted that his alternative calculation deviates from the Court's Order on this issue:

> Q. But you would agree *your opinion, as set out on Pages 25 and Page 27 in this report, is inconsistent with what the court concluded as to the smallest saleable patent practicing unit*?
>
> A. *It's a different view of what the smallest saleable practicing -- the smallest saleable patent practicing unit is*, but it -- it's a view, and the judge can consider that if she would like or she can -- she cannot.
>
> Q. Again, to be clear, *it's different than what the judge concluded*?
>
> A. *Yes.*

(Ex. B at 103:2-13.)

## IV.   ARGUMENT

Two opinions presented in Mr. Dansky's supplemental report should be excluded.

First, Mr. Dansky's "convoyed sales" opinions are legally insufficient and amount to an improper attempt to introduce evidence of Apple's larger revenues under the guise of alleged "follow-on sales" of the accused products.[2]  Mr. Dansky's approach is legally incorrect because he failed to isolate the convoyed sales value of the patents-in-suit or sufficiently analyze the link (if any) between the patents-in-suit and the alleged convoyed sales.  *See Rite-Hite Corp. v. Kelly Co.*, 56 F.3d 1538, 1550 (Fed. Cir. 1995) ("Our precedent has not extended liability to include items that have essentially no functional relationship to the *patented invention* and that may have been sold with an infringing device only as a matter of convenience or business advantage.") (emphasis added).  Mr. Dansky did not analyze which "convoyed sales"—if any—were driven by the tiny fraction of GPRS/EDGE and LTE that GPNE accuses.  Mr. Dansky did not even analyze which "convoyed sales" occurred on cellular networks as opposed to (highly popular) Wi-Fi networks.

Second, Mr. Dansky's "alternative" SSPPU calculation is contrary to the Court's holding that the baseband processor is the smallest saleable patent-practicing unit in this action (Dkt. No. 242 at 24-25) and should also be excluded under *Daubert* and Rule 403.

Apple thus respectfully requests that the Court exclude the "convoyed sales" and SSPPU opinions of Michael J. Dansky.

---

[2] Mr. Dansky previously conceded that GPNE's patents do not drive demand for Apple's products. (Ex. C, Feb. 21, 2014 Dansky Dep. Tr. at 127:8-18.)

| | | |
|---|---|---|
| 1 | Dated: May 29, 2014 | FISH & RICHARDSON P.C. |
| 2 | | By: */s/ Benjamin C. Elacqua* |
| 3 | | Benjamin C. Elacqua |
| 4 | | Attorneys for Defendant APPLE INC. |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 29, 2014, all counsel of record who are deemed to have consented to electronic service are being served with a copy of **APPLE INC.'S** *DAUBERT* **MOTION TO EXCLUDE TESTIMONY OF MICHAEL J. DANSKY** via the Court's CM/ECF system.

By:  */s/ Benjamin C. Elacqua*
Benjamin C. Elacqua