**KERR & WAGSTAFFE LLP**
Patricia L. Peden (SBN 206440)
peden@kerrwagstaffe.com
Julia A. Stockton (SBN 286944)
stockton@kerrwagstaffe.com
100 Spear Street, 18th Floor
San Francisco, CA 94105–1528
[Tel.] (415) 371-8500
[Fax] (415) 371-0500

**NELSON BUMGARDNER CASTO, P.C.**
Barry J. Bumgardner (*pro hac vice*)
barry@nbclaw.net
Steven W. Hartsell (*pro hac vice*)
shartsell@nbclaw.net
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
[Tel.] (817) 377-9111
[Fax] (817) 377-3485

**BURNS & LEVINSON LLP**
Howard J. Susser (*pro hac vice*)
hsusser@burnslev.com
Zachary R. Gates (*pro hac vice*)
zgates@burnslev.com
Alexandra Capachietti (*pro hac vice*)
acapachietti@burnslev.com
125 Summer Street
Boston, Massachusetts 02110
[Tel.] (617) 345-3000
[Fax] (617) 345-3299

**DONOVAN HATEM LLP**
Paul T. Muniz (*pro hac vice*)
pmuniz@donovanhatem.com
53 State Street, 8th Floor
Boston, Massachusetts 02109
[Tel.] (617) 406-4610
[Fax] (617) 406-4507

**GARTEISER HONEA, P.C.**
Randall T. Garteiser (SBN 231821)
randall.garteiser@sftrialattorneys.com
Christopher A. Honea (SBN 232473)
chris.honea@sftrialattorneys.com
44 North San Pedro Road
San Rafael, California 94903
[Tel.] (415) 785-3762

**FISH & RICHARDSON, P.C.**
Katherine K. Lutton (State Bar No. 194971)
lutton@fr.cm
500 Arguello Street, Ste. 500
Redwood City, California 94063
[Tel.] (650) 839-55070
[Fax] (650) 839-5071

Ruffin B. Cordell (*pro hac vice*)
cordell@fr.com
1425 K Street, NW
Suite 1100
Washington, DC 20005
[Tel.] (207) 783-5070
[Fax] (207) 783-2331

Christopher O. Green (*pro hac vice*)
cgreen@fr.com
Aamir A. Kazi (*pro hac vice*)
kazi@fr.com
Jacqueline Tio (pro hac vice)
tio@fr.com
1180 Peachtree Street, 21st Floor
Atlanta, Georgia 30309
[Tel.] (404) 892-5005
[Fax] (404) 892-5002

Benjamin C. Elacqua (*pro hac vice*)
elacqua@fr.com
1221 McKinney, Suite 2800
Houston, Texas 77010
[Tel.] (713) 654-5300
[Fax] (713) 652-0109

**WILMER CUTLER PICKERING HALE AND DORR LLP**

Joseph J. Mueller (*pro hac vice*)
joseph.mueller@wilmerhale.com
50 State Street
Boston, Massachusetts 02109
[Tel.]  (617) 526-6000
[Fax]  (617) 526-5000
Matthew Hawkinson (State Bar No. 248216)
matthew.hawkinson@wilmerhale.com
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
[Tel.]  (213) 443-5300

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER
CASE NO. 5:12-cv-02885-LHK**

1    [Fax] (415) 785-3805                          [Fax]  (213) 443-5400

2    **Attorneys for Plaintiff GPNE Corp.**       Mark D. Selwyn (State Bar No. 244180)
                                                    Mark.selwyn@wilmerhale.com
3                                                   950 Page Mill Road
                                                    Palo Alto, CA 94304
4                                                   [Tel.] (650) 858-6000
                                                    [Fax] (650) 858-6100
5

6                                                   **Attorneys for Defendant Apple Inc.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(San Jose Division)**

| | |
|---|---|
| GPNE CORP., | ) |
| | ) |
| Plaintiff, | )    Case No. 5:12-cv-02885-LHK |
| | ) |
| v. | )    **JOINT PRETRIAL STATEMENT** |
| | )    **AND [PROPOSED] ORDER** |
| APPLE INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pursuant to the Guidelines for Final Pretrial Conference in Jury Trials, the parties submit the following Joint Proposed Pretrial Statement and [Proposed] Order.

## I.    SUBSTANCE OF THE ACTION

The parties to this action are GPNE Corp. ("GPNE"), a Delaware corporation having its principal place of business in Honolulu, Hawaii, and Apple Inc. ("Apple"), a California corporation having its principal place of business in Cupertino, California.

GPNE asserts claims against Apple for patent infringement relating to certain Apple products. The patents asserted by GPNE in this action (the "Patents in Suit") are:

- U.S. Patent No. 7,555,267 ("the '267 Patent"), entitled "Network Communication System Wherein A Node Obtains Resources For Transmitting Data By Transmitting Two Reservation Requests";

- U.S. Patent No. 7,570,954 ("the '954 Patent"), entitled "Communication System Wherein A Clocking Signal From A Controller, A Request From A Node, Acknowledgement Of The Request, And Data Transferred From The Node Are All Provided On Different Frequencies, Enabling Simultaneous Transmission Of These Signals"; and

- U.S. Patent No. 7,792,492 ("the '492 Patent"), entitled "Network Communication System With An Alignment Signal To Allow A Controller To Provide Messages To Nodes And Transmission Of The Messages Over Four Independent Frequencies."

- 1 -

The operative pleadings are GPNE's First Amended Complaint for Patent Infringement (Dkt. No. 45), Apple's Answer to GPNE's First Amended Complaint for Patent Infringement and Counterclaims (Dkt. No. 47), and GPNE's Answer to Apple's Counterclaim for Declaratory Relief (Dkt. No. 48).

At the Court's direction and because of the Court's Summary Judgment Order, GPNE's patent claims remaining for trial ("GPNE's Asserted Patent Claims") and the Apple products accused by GPNE ("Accused Products") are:

A.    **GPNE's Asserted Patent Claims**

    1.    U.S. Patent No. 7,555,267 ("the '267 patent") – Claim 42

    2.    U.S. Patent No. 7,570,954 ("the '954 patent") – Claims 19 and 22

    3.    U.S. Patent No. 7,792,492 ("the '492 patent") – Claims 37 and 44

B.    **Accused Products**

    1.    iPhone 4

    2.    iPhone 4S

    3.    iPhone 5

    4.    iPad 2 (GSM model)

    5.    iPad (3rd Generation) (GSM model and Verizon version)

    6.    iPad mini (GSM model and Verizon version)

II.    <u>**RELIEF SOUGHT**</u>

A.    **Specific Relief Sought by GPNE**

GPNE seeks a finding of infringement, and damages and declaratory relief.

    1.    Judgment that one or more claims of the '267, '954, and/or '492 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

    2.    Judgment that Defendant accounts for and pays to GPNE all damages to and costs incurred by GPNE, including attorneys' fees, because of Defendant's infringing activities and other conduct complained of herein;

- 2 -

3. Judgment that Defendant accounts for and pays to GPNE a reasonable, on-going, post-judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

4. That GPNE be granted costs of suit and pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

5. That GPNE be granted such other and further relief as the Court may deem just and proper under the circumstances.

**B.   Specific Relief Sought by Apple**

1. That the Court dismiss with prejudice any and all claims of GPNE's Complaint and order that GPNE take nothing as a result of the Complaint and that all of GPNE's prayers for relief are denied;

2. That the Court find and declare, and enter judgment, in favor of Apple and against GPNE that Apple does not infringe and has not infringed any of the Asserted Patent Claims;

3. That the Court find and declare, and enter judgment, in favor of Apple and against GPNE that each and every Asserted Patent Claim is invalid;

4. That this case be declared "exceptional" under 35 U.S.C. § 285 and that Apple be awarded its attorneys' fees, expenses, and costs incurred in this action; and

5. That GPNE be ordered to pay all costs associated with this action.

**III.   UNDISPUTED FACTS**

1. GPNE is a corporation organized under the laws of the State of Delaware, and its principal place of business is in Honolulu, Hawaii.

2. Apple is a corporation organized under the laws of the State of California, and its principal place of business is in Cupertino, California.

3. Venue is proper in this District.

- 3 -

4. The Court has personal jurisdiction over each of the parties, and each of them transacts business within this District.

5. U.S. Patent No. 7,555,267 claims priority to Application No. 08/264,973 filed June 24, 1994 (now U.S. Patent No. 5,542,115), was filed on July 16, 2007, and issued on June 30, 2009.

6. U.S. Patent No. 7,570,954 claims priority to Application No. 08/264,973 filed June 24, 1994 (now U.S. Patent No. 5,542,115), was filed on July 24, 2007, and issued on August 4, 2009.

7. U.S. Patent No. 7,792,492 claims priority to Application No. 08/264,973 filed June 24, 1994 (now U.S. Patent No. 5,542,115), was filed on May 11, 2007, and issued on September 7, 2010.

8. Each of U.S. Patent Nos. 7,792,492, 7,570,954 and 7,555,267 include the same specification as U.S. Patent No. 5,542,115.

9. GPNE's lawsuit informed Apple of all of GPNE's asserted patents on July 1, 2011.

10. GPNE did not notify Apple of the patents-in-suit or of its infringement allegations relating to the patents-in-suit before GPNE filed this lawsuit.

11. Apple was not aware of any of the patents-in-suit prior to July 1, 2011.

12. Apple has offered for sale and sold its iPhone 4 products in the United States.

13. Apple has offered for sale and sold its iPhone 4S product in the United States.

14. Apple has offered for sale and sold its iPhone 5 products in the United States.

15. Apple has offered for sale and sold its iPad 2 (GSM model) products in the United States.

16. Apple has offered for sale and sold its iPad (3rd Generation) (GSM model and Verizon version) product in the United States.

17. Apple has offered for sale and sold its iPad mini (GSM model and Verizon version) product in the United States.

- 4 -

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER**
**CASE NO.  5:12-cv-02885-LHK**

18.   Gabriel K. Wong and Po Sing Tsui are the inventors named on the '267, '954 and '492 patents.

19.   U.S. Patent No. 7,570,954 expires on June 24, 2014.

20.   U.S. Patent No. 7,792,492 expired on May 29, 2014.

21.   U.S. Patent No. 7,555,267 expired on May 12, 2014.

22.   GPNE is not relying on any assertions that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention.

23.   GPNE alleges that portions of the GPRS and LTE standard infringes certain claims of U.S. Patent Nos. 7,792,492, 7,570,954 and 7,555,267, but makes no infringement allegations against the CDMA standard.

## IV.   DISPUTED FACTUAL ISSUES

### Joint Statement

The following disputed factual issues remain to be resolved:

**GPNE's Statement of Disputed Factual Issues:**

1.   Whether Apple, through selling certain accused instrumentalities, directly infringes, either literally or under the doctrine of equivalents:

a.   Claim 42 of U.S. Patent No. 7,555,267

b.   Claims 19 and 22 of U.S. Patent No. 7,570,954

c.   Claims 37 and 44 of U.S. Patent No. 7,792,492

2.   Whether GPNE's Asserted Patent Claims are valid; and

3.   The amount of damages, if any, to which GPNE is entitled as a result of Apple's infringement of the '267, '954 and '954 Patents for the following six (6) Apple products:  iPhone 4, iPhone 4S, iPhone 5, iPad 2, iPad (3rd Generation) and iPad Mini.

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER**
**CASE NO.  5:12-cv-02885-LHK**

4.      Whether GPNE is limited to recovering damages for the baseband processor, or whether GPNE can recover damages for the full scope of the invention set forth in its patent claims and sold by Apple.

To the extent that any of the above disputed factual issues are actually disputed legal issues, GPNE requests that those issues be addressed under Section IX of this Joint Pretrial Statement.

**Apple Statement**

The following disputed factual issues remain to be resolved:

1.      Whether Apple, through selling certain accused instrumentalities, directly infringes under 35 U.S.C. §271(a):

    a.   Claim 42 of U.S. Patent No. 7,555,267

    b.   Claims 19 and 22 of U.S. Patent No. 7,570,954

    c.   Claims 37 and 44 of U.S. Patent No. 7,792,492.

2.      Whether GPNE's Asserted Patent Claims are invalid in light of certain prior art under 35 U.S.C. §§ 102(a), (b), (e), (f) and 103.

3.      Whether GPNE's Asserted Patent Claims are invalid based on indefiniteness under 35 U.S.C. § 112, ¶ 2.

4.      Whether GPNE's Asserted Patent Claims are invalid based on enablement or written description under 35 U.S.C. § 112, ¶ 1.

5.      To the extent that Apple is found to infringe any valid asserted claim of U.S. Patent No. 7,555,267, the amount of damages, if any, to which GPNE is entitled, for activity occurring between July 1, 2011 and no later than May 12, 2014, for the following six (6) Apple products:  iPhone 4, iPhone 4S, iPhone 5, iPad 2 (GSM model), iPad (3rd Generation) (GSM model and Verizon version) and iPad Mini (GSM model and Verizon version).

6.      To the extent that Apple is found to infringe any valid asserted claim of U.S. Patent No. 7,792,492, the amount of damages, if any, to which GPNE is entitled, for activity

- 6 -

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER
CASE NO.  5:12-cv-02885-LHK**

occurring between July 1, 2011 and no later than May 29, 2014, for the following six (6) Apple products:  iPhone 4, iPhone 4S, iPhone 5, iPad 2 (GSM model), iPad (3rd Generation) (GSM model and Verizon version) and iPad Mini (GSM model and Verizon version).

7. To the extent that Apple is found to infringe any valid asserted claim of U.S. Patent No. 7,570,954, the amount of damages, if any, to which GPNE is entitled, for activity occurring between July 1, 2011 and no later than June 24, 2014, for the following six (6) Apple products:  iPhone 4, iPhone 4S, iPhone 5, iPad 2 (GSM model), iPad (3rd Generation) (GSM model and Verizon version) and iPad Mini (GSM model and Verizon version).

## V.   AGREED STATEMENT

The parties concur that no part of the action may be presented upon an agreed statement of facts.

## VI.   STIPULATIONS

### A.   Advance Notification of Exhibits and Witnesses

During presentation of evidence during their respective cases-in-chief, each party must identify to opposing counsel the identity of any live witness to be called at trial, and the order in which they will be called, by no later than 7:00 p.m. on the day before the trial day on which that witness is expected to testify.  (*See also*, subsection C below).  Similarly, any non-demonstrative exhibits to be used on direct with any of the live witnesses must be identified by no later than 7:00 p.m. on the day before the trial day on which that witness's testimony will be offered.  Non-demonstrative exhibits, deposition testimony, or other evidence to be presented as part of opening statements, shall be identified no later than 3:00 p.m. on the day before their use at trial.

The other party must identify any objections by no later than 9:00 p.m. on the day before their use at trial.  The parties will immediately meet and confer as to any objections and bring to the Court's attention any unresolved issues.  The parties will cooperate in seeking to have the Court resolve prior

- 7 -

1   to the proposed exhibits and/or witnesses any objections they are unavailable to resolve among

2   themselves.

3        **B.**     **Demonstrative Exhibits and Animations**

4        Animations and demonstratives, including those used during opening statements, closing

5   arguments, and direct examination, do not need to be included on the trial exhibit list, but must be

6   provided to opposing counsel by no later than 7:00 p.m. on the day before their use during trial.

7   Demonstrative exhibits that are merely excerpts, enlargements, or highlights of trial exhibits need not

8   be exchanged, but the underlying trial exhibits must be identified under the procedure outlined in this

9   Order.

10        The other party must identify any objections to animations or demonstratives by no later than

11   10:00 p.m. on the day before their use at trial.  The parties will immediately meet and confer as to any

12   objections to an animation or demonstrative and bring to the Court's attention any unresolved issues.

13   The parties will cooperate in seeking to have the Court resolve prior to the proposed demonstrative any

14   objections they are unavailable to resolve among themselves.

15        **C.**     **Witnesses**

16        As provided in subsection A, above, live witnesses shall be identified by no later than 7:00 p.m.

17   on the day before the trial day on which that witness is expected to testify.  For those witnesses who

18   will be called in a party's case-in-chief via deposition, the parties agree that any counter-designated

19   testimony will be presented to the jury together with the designated testimony, subject to the resolution

20   of any objections to the designated or counter-designated testimony, as discussed below.  Each party

21   shall provide to opposing counsel the deposition testimony that it expects to present at trial by no later

22   than 7:00 p.m. the day before the trial day on which the deposition testimony is expected to be

23   introduced.

24   **VII.**    **WITNESSES TO BE CALLED**

25        The parties exchanged preliminary witness lists on May 22, 2014 and preliminary rebuttal

26   witness lists on May 23, 2014.  GPNE's Witness List is attached as <u>Exhibit 1</u>.  Apple's Trial Witness

27   List is attached as <u>Exhibit 2</u>.

28

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER**
**CASE NO.  5:12-cv-02885-LHK**

1

## VIII.   <u>EXHIBITS, SCHEDULES, SUMMARIES</u>

The parties exchanged preliminary exhibit lists on May 22, 2014.  Pursuant to the Court's Jury Pretrial Standing Order, the parties exchanged copies of individual exhibits on May 22, 2014.  GPNE's Exhibit List is attached as <u>Exhibit 3</u>.  Apple's Exhibit List is attached as <u>Exhibit 4</u>.

The parties agree to work in good faith to narrow the parties' respective lists of exhibits and any disputes related to the respective lists as trial approaches and/or in accordance with any deadlines set by the Court, and will lodge copies of exhibits with the Court on September 29, 2014 in accordance with Section D(1)(a) of the Court's Jury Pretrial Standing Order.

## IX.   <u>DISPUTED LEGAL ISSUES</u>

### A.   <u>GPNE's Separate Statement Regarding Disputed Legal Issues</u>

GPNE identifies the following legal issues that, based on the parties' prior submissions, appear to be disputed.  Because the disputed issues of fact identified above may also be considered issues of law or mixed issues of fact and law, GPNE incorporates those identified issues as well as the following:

1. Did GPNE prove, by a preponderance of the evidence, that Apple's accused products infringe any of the Asserted Patent Claims? See *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1314 (Fed. Cir. 2011) ("The patentee bears the burden of proving infringement by a preponderance of the evidence.") (quoting *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1123 (Fed. Cir. 1985)).

2. Did Apple prove, by clear and convincing evidence, that the Asserted Patent Claims are invalid?  *See Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (U.S. 2011) ("We consider whether § 282 requires an invalidity defense to be proved by clear and convincing evidence.  We hold that it does.").

3. What amount of damages are adequate to compensate GPNE for Apple's infringement, if any?

4. Is GPNE entitled to prejudgment and post-judgment interest and costs?

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER**
**CASE NO.  5:12-cv-02885-LHK**

5.      Is U.S. Patent No. 5,677,909 ("Heide") prior art to the Patents-in-suit?  *See Streck, Inc.*
        *v. Research & Diagnostic Sys.*, 659 F.3d 1186, 1192 (Fed. Cir. 2011) ("In priority
        disputes, including disputes under §146, the questions of conception and reduction to
        practice are deemed to be matters of law, founded on facts."); *Henkel Corp. v. P&G*,
        485 F.3d 1370, 1374 (Fed. Cir. 2007) ("Priority, conception, and reduction to practice
        are questions of law which are based on subsidiary factual findings." (quoting *Cooper v.*
        *Goldfarb*, 154 F.3d 1321, 1327 (Fed. Cir. 1998)).

5.      Whether the Court should instruct the jury that to the extent Apple relies on alleged
        prior art for its invalidity defense, Apple relies on alleged prior art systems for its
        invalidity defense, Apple must prove by clear and convincing evidence that these
        alleged prior art systems were actually known to, and used by, the public prior to the
        critical date.  *Minnesota Min. & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1307 (Fed.
        Cir. 2002) ("[B]oth [§ 102(a) and (b)] require actual use by someone at some point.").

To the extent that any of the above disputed legal issues are actually disputed factual issues,
GPNE requests that those issues be addressed under Section IV of this Joint Pretrial Statement.

**B.      Apple's Separate Statement Regarding Disputed Legal Issues**

1.      Whether GPNE should be allowed to argue that the claim limitation "interface
        configured by the at least one processor [to send and receive signals]" is satisfied by the
        mere capability to send and receive such signals.

2.      Whether GPNE should be allowed to argue that the claim limitation "interface
        controlled by the at least one processor [to send and receive signals]" is satisfied by the
        mere capability to send and receive such signals.

3.      Whether GPNE should be allowed to argue that claim limitations "clocking signal" and
        "aligning signal" include a GSM "synchronization bursts" after GPNE disclaimed those
        same GSM "synchronization bursts" in the prosecution history of the GPNE patents.

4.      Whether GPNE should be allowed to apply an interpretation of the claim limitation
        "slot" that spans more than a single frequency, where GPNE did not previously seek a

- 10 -

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER**
**CASE NO.  5:12-cv-02885-LHK**

construction for that term and its interpretation is contrary to the plain and ordinary meaning of the term in view of the intrinsic record.

5.   Whether GPNE should be allowed to apply an interpretation of the claim limitation "packet" that includes anything other than a network layer "packet," where GPNE did not previously seek a construction for that term and its interpretation is contrary to the plain and ordinary meaning of the term in view of the intrinsic record.

6.   Whether GPNE should be allowed to argue that sending messages on a telephone network satisfies the "node" limitation of the Asserted Patent Claims.

7.   Whether GPNE should be able to argue that the manufacture, use, or sale of an Apple accused device satisfies the limitation of the Asserted Patent Claims requiring a "first node in a data network, the data network including a plurality of nodes."

8.   Whether GPNE is barred from asserting its proposed application of the doctrine of equivalents under the '267 patent, the '954 patent and the '492 patent, because of the disclosure dedication rule and/or the all-elements/claim vitiation rule.

9.   Whether the Asserted Patent Claims are invalid as anticipated under 35 U.S.C. § 102.

10.   Whether the Asserted Patent Claims are invalid as obvious under 35 U.S.C. § 103.

11.   Whether the Asserted Patent Claims reciting the phrase "randomly generated information" are indefinite under 35 U.S.C. § 112, ¶ 2 pursuant to the Supreme Court's holding in *Nautilus*.[1]

12.   Whether the Asserted Patent Claims reciting the phrase "receive a first grant signal" are indefinite under 35 U.S.C. § 112, ¶ 2 pursuant to the Supreme Court's holding in *Nautilus*.

---

[1] Given the Supreme Court's recent guidance in *Nautilus, Inc. v. Biosig Instruments, Inc.*, Apple expects to offer that certain claim terms are indefinite, which will be supported by testimony of Apple's expert, Peter Rysavy.

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER
CASE NO.  5:12-cv-02885-LHK**

13. Whether the Asserted Patent Claims reciting the phrase "receive a second grant signal" are indefinite under 35 U.S.C. § 112, ¶ 2 pursuant to the Supreme Court's holding in *Nautilus*.

14. Whether the Asserted Patent Claims reciting the phrase "receive an authorization signal" are indefinite under 35 U.S.C. § 112, ¶ 2 pursuant to the Supreme Court's holding in *Nautilus*.

15. Whether the Asserted Patent Claims reciting the phrase "randomly generated information" are invalid under 35 U.S.C. § 112, ¶ 1 because this limitation is not enabled and lacks support in the written description of the GPNE patents.

16. Whether the Asserted Patent Claims reciting the phrase "receive a first grant signal" are invalid under 35 U.S.C. § 112, ¶ 1 because this limitation is not enabled and lacks support in the written description of the GPNE patents.

17. Whether the Asserted Patent Claims reciting the phrase "receive a second grant signal" are invalid under 35 U.S.C. § 112, ¶ 1 because this limitation is not enabled and lacks support in the written description of the GPNE patents.

18. Whether the Asserted Patent Claims reciting the phrase "receive an authorization signal" of the GPNE asserted claims are invalid under 35 U.S.C. § 112, ¶ 1 because this limitation is not enabled and lacks support in the written description of the GPNE patents.

19. Whether the Asserted Patent Claims reciting a two-reservation process are invalid under 35 U.S.C. § 112, ¶ 1 because this limitation is not enabled and lacks support in the written description of the GPNE patents.

20. Whether GPNE is entitled to the reasonable royalty damages it seeks from Apple, as well as prejudgment interest and costs, and if so, how much.

21. Whether GPNE is entitled to claim damages that use a royalty base other than the smallest saleable patent practicing unit, which, in this case, would be the baseband processor, to the extent infringement is found.

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER**
**CASE NO.  5:12-cv-02885-LHK**

## X.    FURTHER DISCOVERY OR MOTIONS

Except as described below, the parties do not intend to pursue further discovery.  The parties do not contemplate further discovery or motions apart from sealing issues.  The parties have filed motions *in limine* and oppositions thereto.  Apple has filed a *Daubert* Motion to Exclude the Testimony of Michael J. Dansky (Dkt. No.283).  GPNE has filed its Opposition to Apple's Daubert Motion to Exclude the Testimony of Michael J. Dansky (Dkt. No. 296).  Though neither party has filed any further motions, the parties expressly reserve their respective rights to do so.

The following motions are currently pending before the Court:

1.    GPNE's Motions *in Limine* (Dkt. Nos. 276, 277, 279, 280, 281).

2.    Apple's Motions *in Limine* (Dkt. No. 282).

3.    Apple's Supplemental *Daubert* Motion to Exclude the Testimony of Michael Dansky (Dkt. No. 283), and GPNE's opposition thereto (Dkt. No. 296).

4.    Apple's Motion to Compel Production of Documents (Dkt. No. 297).

## XI.    DISPUTED EVIDENTIARY ISSUES

### A.    GPNE's Separate Statement of Disputed Evidentiary Issues:

GPNE is moving *in limine* to exclude the following from evidence:

1.    References to GPNE as a "patent troll"; references to other litigations brought by GPNE or any communications relating to enforcement of GPNE patents well past the time of the hypothetical reasonable royalty negotiation in this case, which predates the filing of the Complaint; and negative or disparaging references to past lawsuits brought by GPNE and/or GPNE's licensing history and strategy, except to the factual extent necessary to contextualize finalized settlement/license agreements referred to in the damages portion of the trial (MIL #1).

2.    Evidence, argument or solicitation of testimony by Apple implying that GPNE had an obligation to seek certain discovery from third parties (MIL #2).

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER
CASE NO.  5:12-cv-02885-LHK**

3. Testimony by Apple's damages expert, Paul K. Meyer, that the number of standards-essential patent families to be considered when calculating the reasonable royalty is anything other than the 800 families identified in his rebuttal report (MIL #3).

4. Testimony by Apple's non-infringement expert, Dr. Kate Wilson, from advancing the theory that the accused Apple products are not capable of communicating with the Agilent network emulator used by Dr. Dinan because the products must be specially configured with an Agilent SIM card (MIL #4).

5. Evidence, argument or solicitation of testimony by Apple suggesting that the time lapse in filing and prosecuting the continuation applications from which the Patents in suit issued should be held against GPNE (MIL #5).

6. To prevent Apple's experts, and Peter Rysavy and Dr. Sarah Kate Wilson, from offering any opinions on issues not disclosed in their report, including issues related to infringement, validity, and/or scope of the patents.

7. To prevent Apple's expert, Paul K. Meyer, from offering any opinions on issues not disclosed in his report, including issues related to damages.

**B. Apple's Separate Statement of Disputed Evidentiary Issues:**

Apple is moving *in limine* to exclude the following from evidence:

1. Evidence or argument relating to successful outcome of reexamination proceedings (Apple MIL #1);

2. Evidence or argument concerning any other Apple litigations, or prior Court rulings and statements made by the Court or attorneys in this litigation (Apple MIL #2);

3. Evidence or argument concerning infringement under the Doctrine of Equivalents (Apple MIL #3);

4. Evidence or argument stating or implying that standards compliance equals infringement (Apple MIL #4); and

- 14 -

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER
CASE NO.  5:12-cv-02885-LHK**

5. Evidence or argument concerning Apple's total revenues or profits from accused or non-accused products (Apple MIL #5).

In addition, Apple may at trial seek exclusion or limiting instructions regarding other issues, including:

6. To prevent GPNE's expert, Dr. Esmael Dinan, from providing any expert testimony on the statements GPNE made in the re-examinations of the patents-in-suit.

7. To prevent GPNE's expert, Dr. Neil Birkett, from offering any opinions on issues not disclosed in his report, including issues related to infringement, validity, and/or scope of the patents.

8. To prevent GPNE's witness, Dr. Harry Tan, a fact witness who has not submitted an expert report, from providing any expert testimony on any legal issues in the case.

9. To prevent GPNE from making any statement that the USPTO has considered and made any decision concerning the expert report and opinions of Peter Rysavy.  Apple moved *in limine* to prevent GPNE from providing evidence of a successful outcome to the pending re-examinations of GPNE's patents-in-suit.  In GPNE's response to Apple's Motion *in Limine*, GPNE indicated that the outcomes of the re-examinations were relevant to show that the Patent Office had considered "the report of Apple's expert, Mr. [Peter] Rysavy," and further, that "Patent Office's decision to confirm the validity of certain asserted claims, after considering the arguments in Mr. Rysavy's report, is indicative of how a neutral party skilled in art would come out on the question of validity."  GPNE's inclusion of Mr. Rysavy's report (which is not itself prior art) on an information disclosure statement it provided to the Patent Office does not mean that the Patent Office has reviewed or considered the invalidity theories contained in Mr. Rysavy's report.

10. To prevent GPNE from presenting statements by Apple counsel from any other proceeding.

- 15 -

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER
CASE NO.  5:12-cv-02885-LHK**

11.    To prevent GPNE from introducing statements or testimony by Apple witnesses from any other proceeding.

## XII.    BIFURCATION, SEPARATE TRIAL OF ISSUES

At this point, the parties are not contemplating bifurcation or separate trial of issues.

## XIII.   ESTIMATE OF TRIAL TIME

Trial is scheduled to commence on October 6, 2014 at 9:00 a.m. and continue on October 7, 2014; October 10, 2014; October 14, 2014; October 17, 2014; October 20, 2014; and October 21, 2014.  The parties are granted forty (40) minutes per side for opening statements; fifteen (15) hours per side for evidence; and one (1) hour per side for closing arguments.  (Dkt. No. 272, Case Management Order dated May 16, 2014).

## XIV.   MISCELLANEOUS

**A.    GPNE's Separate Statement**

None.

**B.    Apple's Separate Statement**

None.

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this action, unless modified to prevent manifest injustice.

RESPECTFULLY SUBMITTED this 12th day of June, 2014.

| KERR & WAGSTAFFE LLP | FISH & RICHARDSON, P.C. |
|---|---|
| */s/ Patricia L. Peden*<br>Patricia L. Peden (SBN 206440)<br>peden@kerrwagstaffe.com<br>Julia A. Stockton (SBN 286944)<br>stockton@kerrwagstaffe.com<br>100 Spear Street, 18th Floor | */s/ Katherine K. Lutton*<br>Katherine K. Lutton (State Bar No. 194971)<br>lutton@fr.com<br>500 Arguello Street, Ste. 500<br>Redwood City, California 94063 |

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER**
**CASE NO.  5:12-cv-02885-LHK**

San Francisco, CA 94105–1528
[Tel.] (415) 371-8500
[Fax] (415) 371-0500

**NELSON BUMGARDNER CASTO, P.C.**
Barry J. Bumgardner (*pro hac vice*)
barry@nbclaw.net
Steven W. Hartsell (*pro hac vice*)
shartsell@nbclaw.net
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
[Tel.] (817) 377-9111
[Fax] (817) 377-3485

**BURNS & LEVINSON LLP**
Howard J. Susser (*pro hac vice*)
hsusser@burnslev.com
Zachary R. Gates (*pro hac vice*)
zgates@burnslev.com
Alexandra Capachietti (*pro hac vice*)
acapachietti@burnslev.com
125 Summer Street
Boston, Massachusetts
[Tel.] 617-345-3000
[Fax] 617-345-3299

**DONOVAN HATEM LLP**
Paul T. Muniz (*pro hac vice*)
pmuniz@donovanhatem.com
53 State Street, 8th Floor
Boston, Massachusetts 02109
[Tel.] (617) 406-4610
[Fax] (617) 406-4507

**GARTEISER HONEA, P.C.**
Randall T. Garteiser (SBN 231821)
randall.garteiser@sftrialattorneys.com
Christopher A. Honea (SBN 232473)
chris.honea@sftrialattorneys.com
44 North San Pedro Road
San Rafael, California 94903
[Tel.] (415) 785-3762
[Fax] (415) 785-3805

***Attorneys for Plaintiff GPNE Corp.***

[Tel.] (650) 839-55070
[Fax] (650) 839-5071

Ruffin B. Cordell (*pro hac vice*)
cordell@fr.com
1425 K Street, NW
Suite 1100
Washington, DC 20005
[Tel.] (207) 783-5070
[Fax] (207) 783-2331

Christopher O. Green (*pro hac vice*)
cgreen@fr.com
Aamir A. Kazi (*pro hac vice*)
kazi@fr.com
Jacqueline Tio (pro hac vice)
tio@fr.com
1180 Peachtree Street, 21st Floor
Atlanta, Georgia 30309
[Tel.] (404) 892-5005
[Fax] (404) 892-5002

Benjamin C. Elacqua (*pro hac vice*)
elacqua@fr.com
1221 McKinney, Suite 2800
Houston, Texas 77010
[Tel.] (713) 654-5300
[Fax] (713) 652-0109

**WILMER CUTLER PICKERING HALE
AND DORR LLP**

Joseph J. Mueller (*pro hac vice*)
joseph.mueller@wilmerhale.com
50 State Street
Boston, Massachusetts 02109
[Tel.] (617) 526-6000
[Fax] (617) 526-5000

Matthew Hawkinson (SBN 248216)
matthew.hawkinson@wilmerhale.co
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
[Tel.] (213) 443-5300
[Fax] (213) 443-5400

Mark D. Selwyn (State Bar No. 244180)

- 17 -

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER
CASE NO. 5:12-cv-02885-LHK**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mark.selwyn@wilmerhale.com
950 Page Mill Road
Palo Alto, CA 94304
[Tel.] (650) 858-6000
[Fax] (650) 858-6100

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2014, I electronically submitted the foregoing *Joint Pretrial Statement and [Proposed] Order*, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Katherine K. Lutton*
Katherine K. Lutton

- 19 -

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER**
**CASE NO.  5:12-cv-02885-LHK**

1    **IT IS SO ORDERED.**

2

3    Dated:  June _____, 2014                By: _____
                                                   The Honorable Lucy H. Koh

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PRETRIAL STATEMENT AND [PROPOSED] ORDER
CASE NO.  5:12-cv-02885-LHK**