United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GPNE CORP., ) | Case No.: 12-CV-02885-LHK |
| Plaintiff, ) | |
| v. ) | PRETRIAL ORDER RE: MOTIONS IN LIMINE |
| APPLE, INC., ) | |
| Defendant. ) | |

Having considered the briefing and having balanced the appropriate factors under Federal Rule of Evidence 403, the Court rules as follows on the Motions in Limine:

- **Apple Motion in Limine No. 1 to Preclude GPNE from Offering Evidence or Argument Relating to Successful Outcomes of Reexamination Proceedings:** The Court will hear oral argument on this motion at the June 26, 2014 Pretrial Conference.

- **Apple Motion in Limine No. 2 to Preclude GPNE from Offering Evidence or Argument Concerning Any Other Apple Litigations, or Prior Court Rulings and Statements Made by the Court or Attorneys in this Litigation:** GRANTED. Neither party may refer to discovery disputes, motion practice, or rulings in this case (except for the Court's specific claim constructions). These issues are not relevant to what the jury has to decide. To the extent that GPNE suggests that discovery disputes are relevant to rehabilitating its expert, GPNE should have raised its concerns regarding any discovery obstructionism that led to weaknesses in its expert reports in an appropriate discovery motion. It is too late to use discovery obligations as a basis for an expert's shortcomings. As to the issue of "node," neither party may refer to this Court's rulings as answering the question of "whether sharing resources negates any possibility of operational independence," because this Court explicitly stated that that was a question of fact for the jury. SJ Order at 12. As to other Apple litigations, GPNE has provided no basis for the admissibility of any evidence regarding other proceedings, whether labeled by case title or as "another litigation." There is no relevance to evidence regarding antitrust or regulatory

1

investigations, to the Chinese litigation, or to litigation between Apple and Samsung. Moreover, GPNE's arguments regarding the necessity for mutuality on this point (that is, that Apple should be precluded from referring to GPNE litigation to the extent that GPNE is precluded from referring to Apple litigation) elides the fact that other GPNE litigation on the patents-in-suit that led to settlements are indisputably relevant to calculation of reasonable royalties. In contrast, even if other litigation related to Apple were admissible, the probative value would be substantially outweighed by confusion of the issues and wasting time. *See* Fed. R. Evid. 403.

- **Apple Motion in Limine No. 3 to Preclude GPNE from Offering Evidence or Argument Concerning Infringement Under the Doctrine of Equivalents:** The Court will hear oral argument on this motion at the June 26, 2014 Pretrial Conference.

- **Apple Motion in Limine No. 4 to Preclude GPNE from Offering Evidence or Argument Stating or Implying that Standards Compliance Equals Infringement:** DENIED WITHOUT PREJUDICE. The Federal Circuit has held that "a district court may rely on an industry standard in analyzing infringement." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010). Apple has not shown at this stage that GPNE's evidence is insufficient as a matter of law. Apple has also not identified what specific arguments or evidence it seeks to preclude. Apple may lodge specific objections to specific arguments or evidence at trial.

- **Apple Motion in Limine No. 5 to Preclude GPNE from Offering Evidence or Argument Concerning Apple's Total Revenues or Profits from Accused or Non-Accused Products:** The Court will hear oral argument on this motion at the June 26, 2014 Pretrial Conference.

- **GPNE Motion in Limine No. 1 to Preclude Certain References to Plaintiff by Apple:** GRANTED IN PART and DENIED IN PART.

    o Apple may not refer to GPNE as a "patent troll," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "stick up," "shakedown," "playing the lawsuit lottery," "corporate shell game," or "a corporate shell."

    o Apple may refer to GPNE as a "non-practicing entity," "licensing entity," "patent assertion entity," "a company that doesn't make anything," or "a company that doesn't sell anything." The Court finds that this conclusion strikes the balance between allowing Apple to argue that GPNE's status as a non-practicing entity is relevant to the calculation of reasonable royalties and to secondary considerations of non-obviousness without unduly prejudicing GPNE or confusing the jury. *See* Fed. R. Evid. 403.

    o As to the issue of GPNE's other litigations and licensing activities, this motion is DENIED WITHOUT PREJUDICE. The Court will rule on specific objections to specific arguments and evidence. Moreover, the Court notes that the pending motion to compel licensing discussions before Magistrate Judge Paul Grewal (ECF No. 310) may expand the scope of documents to which the parties may lodge specific objections. However, the Court provides the following general guidance to the parties. Licensing discussions about the patents-in-suit, to which at least some

documents that would be subject to this motion relate, are admissible for calculation of the reasonable royalty. *See LaserDynamics, Inc. v. Quanta Computer, Inc.,* 694 F.3d 51, 79 (Fed. Cir. 2012) ("Actual licenses to the patented technology are highly probative as to what constitutes a reasonable royalty for those patent rights because such actual licenses most clearly reflect the economic value of the patented technology in the marketplace."); *SanDisk Corp. v. Round Rock Research LLC,* 2014 WL 691565 (N.D. Cal. Feb. 21, 2014) (licensing entity's "assessment of [patentee's] business and potential royalty value . . . are . . . relevant to the reasonable royalty issue"); *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 2010 U.S. Dist. LEXIS 145630, 5 (E.D. Tex. Mar. 31, 2010) (Patentee's "negotiations and agreements with other parties may be probative of a reasonable royalty.").

- **GPNE Motion in Limine No. 2 to Exclude Testimony Related to Third Party Discovery:** DENIED. Apple must be permitted to ask questions of GPNE's experts regarding whether the experts considered relevant third party information. To the extent that GPNE does not believe that the third party information is relevant to its infringement theory, GPNE can explain that to the jury on re-direct or provide other information to rehabilitate its experts. While GPNE had no legal obligation to take third-party discovery, GPNE cannot use that as a shield to protect its experts since GPNE had the ability to take such discovery but chose not to do so. Simply put, what is not in the record, but could have been in the record, is relevant precisely because of its absence from the record.

- **GPNE Motion in Limine No. 3 to Preclude Apple's Damages Expert Paul Meyer from Taking Inconsistent Positions:** DENIED. Mr. Meyer has consistently maintained the position that the 800 standard-essential patent families figure from the Fairfield study is highly conservative, and that it does not account for patents declared essential after the date of the Fairfield study. The Court recognized this nuance in Mr. Meyer's opinions multiple times in its order on the parties' *Daubert* motions. *See* ECF No. 243 at 12 ("According to Mr. Meyer, this figure is conservative because numerous patents have been declared essential to the GSM and WCDMA standards after the Fairfield study, and even more patents became essential after adoption of the GPRS and LTE standards."); at 15 ("Mr. Meyer defends his use of 800 as the divisor in his report as "understated" because the Fairfield study does not account for patents later declared essential to the GSM or WCDMA standards, and it does not account for future patents essential to the GPRS or LTE standards."); at 15 ("[T]here is some support for finding that Mr. Meyer's royalty figure is reliable because the 800 patent families do not account for all patents that have been and will be declared essential"). Moreover, Mr. Meyer's rebuttal report includes several estimates of the number of patent families that were declared standard-essential after the Fairfield study. *See, e.g.*, ECF No. 299-8 ("Meyer Rebuttal Report") ¶ 86 ("[O]ver 1,500 U.S. patent families have been declared essential to GSM and UMTS after the dates of the Fairfield studies"). GPNE's argument that Mr. Meyer's testimony should be excluded under Federal Rule of Civil Procedure 26 or Federal Rule of Evidence 403 because it was not properly disclosed is therefore incorrect.

- **GPNE Motion in Limine No. 4 to Exclude Testimony Related to the Agilent SIM Card:** The Court will hear oral argument on this motion at the June 26, 2014 Pretrial Conference.

3

Case No.: 12-CV-02885-LHK
PRETRIAL ORDER RE: MOTIONS IN LIMINE

- **GPNE Motion in Limine No. 5 to Exclude Argument that GPNE Acted Improperly in Prosecuting the Patents-in-Suit Before Suing Apple:** DENIED WITHOUT PREJUDICE. The priority and issue dates of the asserted patents are relevant at least to the level of ordinary skill in the art, prior art, and reasonable royalties. However, the parties have not identified what portions of the prosecution histories they may seek to use at trial, and GPNE has not identified what specific arguments or evidence it seeks to preclude. GPNE may lodge specific objections to specific arguments or evidence at trial.

**IT IS SO ORDERED.**

Dated: June 24, 2014

_____
LUCY H. KOH
United States District Judge