| | |
|---|---|
| FISH & RICHARDSON P.C. | WILMER CUTLER PICKERING HALE AND DORR LLP |
| Katherine K. Lutton (CSB No. 194971)<br>lutton@fr.com<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Tel: (650) 839-5070 Fax: (650) 839-5071 | Joseph J. Mueller (*pro hac vice*)<br>joseph.mueller@wilmerhale.com<br>60 State Street<br>Boston, MA 02109<br>Tel: (617) 526-6000 Fax: (617) 526-5000 |
| Ruffin B. Cordell (*pro hac vice*)<br>cordell@fr.com<br>1425 K Street, NW, Suite 1100<br>Washington, DC 20005<br>Tel: (207) 783-5070 Fax: (207) 783-2331 | Matthew Hawkinson (CSB No. 248216)<br>matthew.hawkinson@wilmerhale.com<br>350 South Grand Avenue, Suite 2100<br>Los Angeles, California 90071<br>Tel: (213) 443-5300 Fax: (213) 443-5400 |
| Christopher O. Green (*pro hac vice*)<br>cgreen@fr.com<br>Aamir A. Kazi (*pro hac vice*)<br>kazi@fr.com<br>Jacqueline Tio (*pro hac vice*)<br>tio@fr.com<br>1180 Peachtree Street, 21st Floor<br>Atlanta, GA 30309<br>Tel: (404) 892-5005 Fax: (404) 892-5002 | Mark D. Selwyn (CSB No. 244180)<br>mark.selwyn@wilmerhale.com<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Tel: (650) 858-6000 Fax: (650) 858-6100<br><br>Attorneys for Defendant APPLE INC. |
| Benjamin C. Elacqua (*pro hac vice*)<br>elacqua@fr.com<br>Brian G. Strand (pro hac vice)<br>strand@fr.com<br>1221 McKinney Street, Suite 2800<br>Houston, TX 77010<br>Tel: (713) 654-5300 Fax: (713) 652-0109 | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# (SAN JOSE DIVISION)

| | |
|---|---|
| GPNE, CORP.,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 5:12-cv-02885-LHK<br><br>**APPLE INC.'S BRIEF REGARDING FEDERAL CIRCUIT'S DECISION IN *VIRNETX, INC. v. CISCO SYSTEMS, INC.***<br><br>**HEARING REQUESTED**<br><br>Date:    TBD<br>Time:    TBD<br>Place:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

The Federal Circuit's recent decision in *VirnetX, Inc. v. Cisco Systems, Inc.*, --- F.3d ---- (Fed. Cir. Sept. 16, 2014) ("Slip op.") (attached as Exhibit A), confirms that the opinions of GPNE's damages expert Michael J. Dansky are legally insufficient and supports specific jury instructions consistent with the decision.

### *VirnetX Confirms That Mr. Dansky Has Not Used a Proper Royalty Base*

*VirnetX* emphasizes that patent damages must, in all cases, be tied as closely as possible to that part of a device containing the accused functionality, and the decision provides instruction regarding how to conduct the required apportionment. "[T]he smallest salable unit approach was intended to produce a royalty base much more closely tied to the claimed invention than the entire market value of the accused products." (Slip op. at 29.) The Federal Circuit stressed that "the requirement that a patentee identify damages associated with the smallest salable patent-practicing unit is simply a step toward meeting the requirement of apportionment." (*Id*.) "Where the smallest salable unit is, in fact, a multi-component product containing several non-infringing features with no relation to the patented feature . . . ***the patentee must do more to estimate what portion of the value of that product is attributable to the patented technology.***" (*Id.*, emphasis added.)  Thus, in a damages theory that uses a royalty base, not only must the plaintiff consider the smallest salable unit—as a "requirement"—the plaintiff must apportion further if that component contains non-infringing features. (*Id.*)

Here, the Court has held that "the baseband processor is the smallest salable patent-practicing unit." (Dkt. No. 361 at 13; *see also* Dkt. No. 243 at 24-25.)  In Apple's first *Daubert* motion, Apple argued that Mr. Dansky's opinions were improper because he failed to account for the baseband processor being the smallest-salable unit. (Dkt. No. 183 at 7-11.) Apple asked that the Court exclude his testimony on that basis. (*Id.*)  Apple emphasized that "[t]he need to identify the proper component-level royalty base was particularly important given that Mr. Dansky conceded that the accused products contain features unrelated to GPNE's alleged invention." (*Id.* at 10.)

The Court granted Apple's first *Daubert* motion on other grounds.  Although the Court agreed that the baseband processor was the smallest salable unit, the Court held that Mr. Dansky's

"current damages theory does not implicate the smallest salable patent-practicing unit doctrine, and Mr. Dansky's new damages theory need not do so either."[1] (Dkt. No. 243 at 25.) Mr. Dansky proceeded to submit a supplemental damages report, again failing to address the baseband processor as the smallest saleable unit.

*VirnetX* now confirms that Mr. Dansky cannot disregard the smallest salable patent-practicing unit. For damages theories, like Mr. Dansky's, that begin with a royalty base, *VirnetX* mandates "that a patentee identify damages associated with the smallest salable patent-practicing unit" where discernable—and indeed, must apportion further where that unit includes non-infringing features. (Slip op. at 29.) *VirnetX* describes this as a "requirement." (*Id.*) Mr. Dansky has not satisfied this requirement: even though damages associated with the smallest salable patent-practicing unit are discernible and readily accessible—given evidence of the cost and profit margin of baseband chips—he has never proffered a damages opinion based on the smallest salable unit, let alone a further-apportioned version of that unit. Instead, his current opinions use as a royalty base his estimate of the price differential between an entire WiFi-only iPad and an entire cellular-enabled iPad, minus the cost of a GPS component in the cellular-enabled iPad.[2] (*See* Dkt. No. 347 at 26.) In dollar terms, this system-based approach produces a royalty base several times greater than what the royalty base would be if properly limited to (at most) the baseband processor.

That Mr. Dansky has used a legally impermissible base is further underscored by his having offered an alternative, smaller royalty base (*i.e.*, the cost of a collection of cellular

---

[1] In Apple's second *Daubert* motion, Apple recognized the Court's ruling, stating: "Apple previously moved to exclude the opinions and testimony of Mr. Dansky on the basis of Mr. Dansky's failure to use the baseband processor as the appropriate royalty base." (Dkt. Nos. 183, 223.) The Court held that the baseband processor was the smallest saleable patent-practicing unit but permitted Mr. Dansky to use an alternative royalty base (other than the smallest salable patent-practicing unit). Apple will not reargue that point now, but reserves its appellate rights as to its position that Mr. Dansky methodologically was required to use the smallest salable unit (the baseband processor) as the royalty base in his analysis. (Dkt. No. 283 at n.1.)

[2] That he proceeds to "divide the pie" into slices using his estimate of GPNE's proportional share of the industry's "standard essential patents" does not solve the apportionment problem. The problem is that he is beginning with the wrong "pie." His proportionality approach should have been applied to the baseband processor—which is exactly what Apple's damages expert did.

components, including the baseband processor and other components). (*See* Dkt. No. 361 at 13 (addressing his alternative base).) In *VirnetX*, the Federal Circuit criticized just such conduct by the plaintiff's expert in that case, stating: "the record supports Apple's contention that [the expert] could have apportioned a smaller per unit figure for [the accused] FaceTime; namely, for the use of FaceTime on Mac computers he used a [lower] royalty base ... and he used a *lower* estimate [in a third royalty model]." (Slip op. at 31.) Here, Mr. Dansky also identified a different, lower royalty base than his "price differential" royalty base. And, he could and should have used the only legally proper royalty base: the component that the Court itself held to be the smallest salable unit—the baseband processor chip—or a further-apportioned version of that chip.

### *The Court Should Instruct the Jury to Disregard Mr. Dansky's Legally Insufficient Opinions, and Instruct the Jury Regarding the Smallest Salable Unit*

Apple earlier requested that the Court preclude Mr. Dansky from offering his damages theories because he failed to use the smallest salable unit (Dkt. No. 183 at 7-11), and Apple respectfully submits that *VirnetX* confirms that Mr. Dansky should have been excluded on that basis. Apple recognizes, however, that with trial about to begin, the Court does not wish to consider exclusion again—and that therefore Mr. Dansky will testify. After Mr. Dansky's trial testimony shows that he has not used a legally sufficient royalty base under *VirnetX* and other controlling precedent, Apple anticipates requesting that the Court instruct the jury to disregard Mr. Dansky's testimony. Apple may also move for judgment as a matter of law on damages.

Finally, *VirnetX* reinforces the need for a jury instruction on the smallest salable unit issue, as Apple has proposed. (Dkt No. 335 at 58 (proposing "In considering this factor—and in analyzing damages generally—you may consider the smallest saleable patent practicing unit. That is the smallest saleable component, within an accused device, that substantially embodies the patented claims. You may, however, need to further apportion that component to isolate the portion of the realizable profits that should be credited to the invention as distinguished from nonpatented elements of that component. In this case, I instruct you that the smallest saleable patent practicing unit would be a baseband processor chip. . . .").)

| | |
|---|---|
| Dated: September 29, 2014 | FISH & RICHARDSON P.C.<br><br>By: */s/ Christopher O. Green*<br>    Christopher O. Green<br><br>Attorneys for Defendant<br>APPLE INC. |