KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
FRANCES S. LEWIS (291055)
flewis@susmangodfrey.com
TREVOR P. STUTZ (296882)
tstutz@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California  90067-6029
[Tel.] (310) 789-3100
[Fax] (310) 789-3150

MAX L. TRIBBLE, JR. (*pro hac vice*)
mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas  77002-5096
[Tel.] (713) 651-9366
[Fax] (713) 654-6666

Attorneys for Plaintiff GPNE Corp.

(See Signature Page for Names and Addresses of
Additional Counsel for Plaintiff)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| GPNE CORP., | Case No: 12-cv-02885-LHK |
|         Plaintiff, | **GPNE CORP.'S BRIEF IN RESPONSE TO APPLE INC.'S BRIEF REGARDING THE FEDERAL CIRCUIT'S DECISION IN *VIRNETX, INC. v. CISCO SYSTEMS, INC.* [DKT. 387]** |
| vs. | |
| APPLE, INC. | |
|         Defendant. | Trial Date:     October 6, 2014 |

As this Court has made clear on two separate occasions, Mr. Dansky's damages opinion does not and "need not" rely on a smallest saleable patent-practicing unit ("SSPPU"). Dkt. 243 at 25; *see* Dkt. 361 at 8. Apple's argument to the contrary misstates the holding of *VirnetX* and is merely an attempt to re-litigate an issue that the Court has already decided.

Mr. Dansky uses the analytical method, a per-unit reasonable royalty rate based on the value of the infringing feature, which is a viable approach accepted by the Court in this case that does not implicate the entire market value rule ("EMVR") nor require an SSPPU analysis. His method, a per-unit royalty rate that merely accounts for all infringing sales, is a well-respected methodology in damages jurisprudence, one that avoids running afoul of the EMVR. *See, e.g.,* *Versata Software, Inc. v. SAP America, Inc.*, 717 F.3d 1255, 1267-68 (Fed. Cir. 2013) (holding that a per-customer royalty did not violate the EMVR).[1]  Read properly, the Federal Circuit's recent decision in *VirnetX, Inc. v. Cisco Systems, Inc.*, --- F.3d --- (Fed. Cir. Sept. 16, 2014) ("*VirnetX*") actually **confirms** this Court's conclusion that  "Mr. Dansky's current damages theory does not implicate the smallest saleable patent-practicing unit doctrine, and Mr. Dansky's new damages theory need not do so either." Dkt. 243 at 25.

In *VirnetX*, the Federal Circuit reaffirmed that "a patentee must take care to seek only those damages attributable to the infringing features. . . . [T]his court has consistently held that 'a reasonable royalty analysis requires a court to . . . carefully tie proof of damages to the claimed invention's footprint in the market place.'" *VirnetX*, at *26-27 (citing *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010)).  Contrary to Apple's characterization of the opinion, *VirnetX* did not disturb the well-settled law allowing a reasonable royalty to be calculated in a number of different ways. *See Apple Inc. v. Motorola, Inc*., 757 F.3d 1286, 1315 (Fed. Cir. 2014) (stating that "there may be more than one reliable method for estimating a

---

[1]  *See also Multimedia Patent Trust v. Apple Inc.*, 2012 WL 5873711, *5 (S.D. Cal. Nov. 20, 2012) (approving per-unit royalty and rejecting argument that EMVR was implicated); *Cmwlth. Scientific & Industrial Research Org. v. Cisco Sys., Inc.*, 2014 WL 3805817, *11 (E.D. Tex. July 23, 2014) (holding that "a flat rate on each Linksys and Cisco end product sold is the most appropriate royalty and will be applied here"); *Ericsson Inc. v. D-Link Sys., Inc.*, 2013 WL 4046225, *14-15 (E.D. Tex. Aug. 6, 2013) (approving per-unit royalty and rejecting argument that EMVR was implicated);

reasonable royalty" and noting as examples that "a party may use the royalty rate from sufficiently comparable licenses, value the infringed features based upon comparable features in the marketplace, or estimate the value of the benefit provided by the infringed features by a comparing the accused product to non-infringing alternatives").

Indeed, the language chosen by the Federal Circuit in *VirnetX* can leave no doubt on that point. *VirnetX*, at *28 (noting that patentees are "***permitted***" to "base royalties on the 'smallest salable patent-practicing unit'" and requiring apportionment of that base "***when the smallest salable unit is used as the royalty base***" (emphasis added)). Both the SSPPU and EMVR "rules" evolved from circumstances where the infringing product's price acted, in whole or in part, as the royalty base. *See id.*, at *29 ("[T]he smallest salable unit approach was intended to produce a royalty base much more closely tied to the claimed invention than the entire market value of the accused products."). The Federal Circuit's blessing of the SSPPU, however, most certainly has not rendered it the sole way to arrive at a reasonable royalty.

In *VirnetX*, plaintiff's expert applied a royalty rate to a portion of the defendant's product revenues. *Id.* at *24. The Federal Circuit rejected this analysis because it grounded the **royalty base** on revenues from sales of the entire product (including various unpatented features).[2]

> [The damages expert] undisputedly based his calculations on the entire cost of the iOS devices, ranging in value from $199 for the iPod Touch to $649 for the iPhone 4S. [He] used the base price at which each product was sold, excluding only charges for additional memory sold separately. He called this the smallest salable unit.

*Id.* at *30-31.

By comparison, GPNE's damages theory is entirely different from that used in *VirnetX*. In developing his **royalty rate**, Mr. Dansky, in using his analytical approach,  identified the cellular feature of the infringing devices as having a close relation to the claimed functionality of the patents, and after identifying the value of that feature, further apportioned that value based on

---

[2]   "[VirnetX's damages expert]'s first approach began with the lowest sale price of each model of the accused iOS devices containing the accused features. . . . [He] then applied a 1% royalty rate to the base, derived from a VirnetX policy of seeking to license its patents for at least 1-2% of the entire value of products sold and several allegedly comparable licenses." *Id.* at *24.

the number of standard-essential patent families. *See* Dkt. No 361 at 5-6 ("briefly outlin[ing] Mr. Dansky's new methodology").[3]   Mr. Dansky's approach does not rely on the total product revenues of Apple (as did VirnetX's damages analysis) as his royalty base, and therefore does not implicate either the EMVR or the SSPPU.  The so-called "requirement" to use an SSPPU is only a requirement where product revenues serve as the base.  The selling price of Apple's Accused Products is *not* Mr. Dansky's royalty base.  His per-unit rate, in fact, is not dependent on whether the SSPPU is the chip, the phone, or something else. By arguing that Mr. Dansky was required to use the SSPPU as the base, Apple is actually attacking the *rate* that Mr. Dansky calculated.

*VirnetX*, in explicitly rejecting the damages expert's methodology there, implicitly approved of the analytical approach employed by Mr. Dansky, which focused on isolating the value of the patent practicing feature to develop a per-unit royalty rate.  *See id.* at *32 ("In the end, VirnetX should have identified a patent practicing feature with a sufficiently close relation to the claimed functionality.").  The Federal Circuit made the following observation in a footnote:

> Because Apple has not challenged it, we offer no opinion on whether the $29 software upgrade is itself so closely related to the patented feature that VirnetX may rely on its entire value in determining the proper royalty base for the FaceTime feature.

*Id.* at *32, n. 3.  So long as the value is "closely related" to the patented feature, a per-unit royalty rate derived from the patented feature's value is an acceptable approach.  The *VirnetX* decision actually supports Mr. Dansky's use of a per-unit reasonable **royalty rate** derived from the value of a product feature "closely tied" to the patented functionality. *Id.* at *29.

The Court should stay its course and reject Apple's meritless argument, which misstates the law and improperly attempts to impose the use of an SSPPU to the exclusion of all other permissible damages analyses.  The Court should also reject Apple's requested jury instruction.

---

[3] In addition, the Court recognized that Mr. Dansky relied on another analysis that also did not implicate an SSPPU: "Mr. Dansky begins with an extensive analysis of two GPNE settlement licenses (the 'comparable licenses') under Georgia-Pacific factor one, finding that each license would assist Apple and GPNE in the hypothetical negotiation. Dansky Supp. Report, at 5-14. Mr. Dansky then details Apple's convoyed sales, comparing them to the lack of follow on revenue for the licensees in the comparable licenses used by Mr. Dansky. Id. at 15-17. As a result, Mr. Dansky opines that Apple and GPNE would likely arrive at a rate higher than the per unit royalties in the comparable licenses. Dansky Supp. Report, at 17." Dkt. 361 at 5; *see id.* at 8.

Dated: October 2, 2014                    Respectfully Submitted,


KALPANA SRINIVASAN
MAX L. TRIBBLE, JR.
FRANCES S. LEWIS
TREVOR P. STUTZ
SUSMAN GODFREY LLP

BARRY J. BUMGARDNER (*Pro Hac Vice*)
barry@nbclaw.net
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
[Tel.] (817) 377-9111
[Fax] (817) 377-3485

HOWARD J. SUSSER (*Pro Hac Vice*)
hsusser@burnslev.com
ZACHARY R. GATES (*Pro Hac Vice*)
zgates@burnslev.com
ALEXANDRA CAPACHIETTI (*Pro Hac Vice*)
acapachietti@burnslev.com
BURNS & LEVINSON LLP
125 Summer Street
Boston, Massachusetts 02110-1624
[Tel.] (617) 345-3000
[Fax] (617) 345-3299

By:    */s/ Kalpana Srinivasan*
       Kalpana Srinivasan
       Attorneys for Plaintiff GPNE Corp.