UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GPNE CORP., <br>        Plaintiff, <br>   v. <br> APPLE, INC., <br>        Defendant. | Case No.: 12-CV-02885-LHK <br><br> ORDER ON GPNE'S REVISED TRIAL EXHIBIT LIST |

GPNE seeks to add 64 new items to its trial exhibit list. *See* ECF No. 388 ("Mot."). Apple opposes the addition of 56 of those exhibits. *See* ECF No. 392 ("Opp'n"). For the reasons below, GPNE's request is GRANTED IN PART AND DENIED IN PART.

I.  **BACKGROUND**

On May 22, 2014, the parties exchanged preliminary trial exhibit lists. *See* ECF No. 392 at 1. One June 12, 2014, the parties filed their respective trial exhibit lists with their Joint Pretrial Statement. *See* ECF No. 305. GPNE's trial exhibit list included 521 exhibits; Apple's trial exhibit list included 544 exhibits. *See id.* The Court then held a pretrial conference on June 26, 2014.

At the June 26, 2014 pretrial conference, Apple requested supplemental expert discovery regarding indefiniteness of the asserted patent claims, in light of *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014). The Court permitted limited supplemental expert discovery. *See* ECF No. 327. Pursuant to the Court's schedule, on July 25, 2014, Apple served its supplemental expert report on indefiniteness. Opp'n at 1. On August 29, 2014, GPNE served its

1

rebuttal supplemental expert report on indefiniteness, and sent a proposed joint exhibit list to Apple. *Id.* On September 9, 2014, Apple deposed GPNE's expert on indefiniteness. *Id.* On September 12, 2014, expert discovery closed, and GPNE did not depose Apple's indefiniteness expert. *Id.*

Additionally, on July 22-23, 2014, GPNE entered the appearances of Susman Godfrey LLP lawyers as new counsel of record and withdrew the appearances of lawyers from four other firms that had represented GPNE. *See* ECF No. 355. At least seven different firms have now represented GPNE during this lawsuit. *Id.*

After the close of supplemental expert discovery, on September 15, 2014, the parties again exchanged preliminary trial exhibit lists. Opp'n at 2. On September 17, 2014, the parties filed their revised trial exhibit lists with the Court. *Id.*

On September 24, 2014, the Court held a final pretrial conference. At this conference, GPNE indicated for the first time that it had not listed any trial exhibits that it intended to use only for impeachment or rebuttal. Sept. 24, 2014 Pretrial Conference Transcript ("Tr.") at 10:20-11:23. GPNE's new counsel at Susman Godfrey represented that it had relied on this Court's standing order for jury trials, which requires disclosure of trial exhibits "other than solely for impeachment or rebuttal." Specifically, GPNE sought to add up to 8 new Apple patents that had never been previously disclosed in discovery, on the grounds that "these are impeachment documents" that had been "found recently." *Id.* at 49:21-50:8.

At the conference, GPNE's attorney Howard Susser of Burns & Levinson LLP (who has represented GPNE throughout this case) could not recall whether GPNE had in fact previously decided not to list impeachment or rebuttal exhibits on GPNE's exhibit list in reliance on the Court's standing order. *See id.* at 46:2-13. However, Apple points out that GPNE had disclosed at least 122 exhibits for use with Apple witnesses in GPNE's June 12, 2014 exhibit list. Thus, Apple argues that GPNE's June 12, 2014 exhibit list must have included exhibits for impeachment or rebuttal. *See* Opp'n at 4. Nonetheless, giving GPNE's counsel the benefit of the doubt, the Court gave GPNE leave to file a revised exhibit list by September 29, 2014, 1 week before trial is scheduled to begin on Monday, October 6. *See* Tr. at 11:15-12:5. The Court stated that GPNE

2

Case No.: 12-CV-02885-LHK
ORDER ON GPNE'S REVISED TRIAL EXHIBIT LIST

could add exhibits for impeachment or rebuttal purposes that GPNE had previously disclosed. However, for the previously undisclosed Apple patents, GPNE would have to "establish good cause for why those weren't previously on the list previously in the case." *Id.* at 70:22-71:7; *see also* ECF No. 379 ("GPNE shall file its revised exhibit list including its impeachment and rebuttal exhibits by September 29, 2014. For the 8 exhibits outside the scope of GPNE's original list of 521 exhibits, GPNE shall file a brief justifying admission of each exhibit for good cause.").

On September 29, 2014, GPNE filed its revised trial exhibit list. ECF No. 388-1. GPNE's revised list adds 64 exhibits to its most recent list filed on September 17, 2014 (ECF No. 373). GPNE's 64 new exhibits include (a) 61 exhibits re-added from the parties' June 12, 2014 preliminary exhibit lists, and (b) 3 new previously undisclosed exhibits (PTX 290-92), which are Apple patents that "GPNE intends to use . . . on cross-examination of certain Apple witnesses." Mot. at 1. GPNE claims that there is good cause to add the three new Apple patents because they relate to Apple's indefiniteness defenses, which first arose on June 26, 2014. *Id.*

On October 1, 2014, Apple filed an opposition to GPNE's revised list. *See* Opp'n. Of GPNE's 61 re-added exhibits, Apple does not object to 8 exhibits that are already on Apple's current trial exhibit list or the parties' current Joint Exhibit List. *Id.* at 3-4. However, Apple objects to the remaining 53 re-added exhibits as untimely. *Id.* Apple also objects to addition of the 3 new Apple patents because GPNE never previously disclosed them, despite having an opportunity to do so during supplemental expert discovery regarding indefiniteness. *Id.* at 2-3.

## II.   DISCUSSION

### A.   Exhibits Previously Disclosed

The Court first addresses the 53 previously disclosed exhibits that GPNE has re-added. Apple argues that GPNE previously disclosed cross-examination exhibits and knew or should have known that exhibits for only impeachment or rebuttal should have been listed. *See* Opp'n at 4. Specifically, Apple notes that GPNE's June 12, 2014 trial exhibit list contained 521 exhibits, of which 122 exhibits identified Apple witnesses as the sponsoring witnesses. Thus, Apple contends GPNE's June 12, 2014 trial exhibit list must have included exhibits for impeachment or rebuttal.

3

Case No.: 12-CV-02885-LHK
ORDER ON GPNE'S REVISED TRIAL EXHIBIT LIST

Apple further notes that the parties have repeatedly exchanged exhibit lists, and no case developments justify addition of previously dropped exhibits. *Id.*

At the September 24, 2014 pretrial conference, the Court already ruled that GPNE could revise its exhibit list to include items from GPNE's June 12, 2014 trial exhibit list solely for impeachment or rebuttal, without a further showing of good cause, because of the Court's standing order. *See* Tr. at 70:22-71:5 ("[Y]ou will supplement[] your list now with cross exhibits from this original list of 521 exhibits, plus 8 new exhibits that were not on this list of 521, and that will be done by Monday.  And for your eight new ones, please establish good cause . . . ."); ECF No. 379. Furthermore, Apple agreed not to challenge the addition of any exhibits previously disclosed in GPNE's June 12, 2014 list of 521 exhibits. *See id.* at 71:22-72:2 ("The Court: . . . [B]ut anything else on the original 521, Apple is not going to challenge, correct, on having that added to the list? Mr. Cordell: We're not happy about it, but we will stand by that, Your Honor."). Contrary to that representation, Apple now objects to 33 exhibits that GPNE previously disclosed. *See* Opp'n at 3-4. Apple may not reverse course regarding these exhibits.

The remaining 20 exhibits to which Apple objects were previously listed on Apple's June 12, 2014 list.  Apple cannot be prejudiced by the addition of exhibits Apple previously intended to use as exhibits.  Furthermore, Apple has not identified any specific prejudice from re-addition of any of the 53 previously disclosed exhibits.

The Court notes that GPNE has not stated with clarity whether the 53 re-added exhibits are solely for purposes of impeachment or rebuttal. *See* Mot. at 1.  The Court gave GPNE permission to amend its exhibit list solely based on GPNE's claim that GPNE needed to add impeachment and rebuttal exhibits to its exhibit list.  Thus, the Court GRANTS GPNE's request to add the 53 previously disclosed exhibits (identified as PTX 293-327, 352-53, and 328-51 in ECF No. 388-1) to GPNE's trial exhibit list, but GPNE may use those exhibits solely for impeachment or rebuttal.

### B. New Apple Patents

The Court next addresses GPNE's request to add 3 new Apple patents.  GPNE claims that it has good cause for adding these exhibits in response to Apple's new indefiniteness theories.  The Court disagrees and denies GPNE's request.

GPNE contends that "whether Apple could raise an indefiniteness argument in this case was first addressed at the Status Conference on June 2[6], 2014." However, GPNE fails to acknowledge the subsequent expert discovery, which would have been the time and place for GPNE to disclose new exhibits related to indefiniteness. As explained above, Apple served its expert report on indefiniteness on July 25, 2014. GPNE served its rebuttal supplemental expert report on indefiniteness on August 29, 2014. Apple deposed GPNE's expert on September 9, 2014, but GPNE elected not to depose Apple's expert. GPNE did not disclose the 3 Apple patents in its supplemental expert report. Thus, before expert discovery closed on September 12, 2014, GPNE had nearly 3 months in which to locate and disclose the Apple patents.

GPNE also failed to respond to this Court's directive to demonstrate good cause and diligence in finding the 3 Apple patents. At the September 24, 2014 pretrial conference, when GPNE first disclosed its intention to add new Apple patents as exhibits, GPNE claimed that those patents were "found recently," and possibly after GPNE obtained new trial counsel in July 2014. Tr. at 50:2-8; *see also* ECF No. 355. Nonetheless, the Court allowed GPNE to file a statement justifying addition of the entirely new exhibits, pressing GPNE "to show good cause why GPNE's counsel over the last two years did not find these documents," despite having representation by at least seven different law firms. Tr. at 53:18-23. However, GPNE's statement is silent regarding good cause, providing no information about when GPNE first found the Apple patents, much less any diligence in finding and disclosing these exhibits. Moreover, GPNE identifies Apple's expert Dr. Rysavy as the "sponsoring witness" for the 3 Apple patents (ECF No. 388-1 at 40-41), but claims vaguely that GPNE will use those patents with "certain Apple witnesses" (Mot. at 1). At this late stage, it would be unfair to allow GPNE to use these untimely disclosed exhibits with unidentified Apple witnesses.

For the foregoing reasons, GPNE's request to include the 61 previously disclosed exhibits (including the 8 exhibits to which Apple does not object) is GRANTED. GPNE's request to include 3 untimely disclosed Apple patents is DENIED.

5

Case No.: 12-CV-02885-LHK
ORDER ON GPNE'S REVISED TRIAL EXHIBIT LIST

**IT IS SO ORDERED.**

Dated: October 5, 2014

_____
LUCY H. KOH
United States District Judge