**FISH & RICHARDSON P.C.**
Katherine K. Lutton (CSB No. 194971)
lutton@fr.com
Rebecca Charnas Grant (CSB No. 264214)
rgrant@fr.com
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070 Fax: (650) 839-5071

Ruffin B. Cordell (*pro hac vice*)
cordell@fr.com
1425 K Street, NW, Suite 1100
Washington, DC 20005
Tel: (207) 783-5070 Fax: (207) 783-2331

Christopher O. Green (*pro hac vice*)
cgreen@fr.com
Aamir A. Kazi (*pro hac vice*)
kazi@fr.com
Jacqueline Tio (*pro hac vice*)
tio@fr.com
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 Fax: (404) 892-5002

Benjamin C. Elacqua (*pro hac vice*)
elacqua@fr.com
Brian G. Strand (*pro hac vice*)
strand@fr.com
1221 McKinney Street, Suite 2800
Houston, TX 77010
Tel: (713) 654-5300 Fax: (713) 652-0109

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Joseph J. Mueller (*pro hac vice*)
joseph.mueller@wilmerhale.com
60 State Street
Boston, MA 02109
Tel: (617) 526-6000 Fax: (617) 526-5000

Matthew Hawkinson (CSB No.248216)
matthew.hawkinson@wilmerhale.com
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Tel: (213) 443-5300 Fax: (213) 443-5400

Mark D. Selwyn (CSB No. 244180)
mark.selwyn@wilmerhale.com
950 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 858-6000 Fax: (650) 858-6100

**ATTORNEYS FOR DEFENDANT APPLE INC.**

**SUSMAN GODFREY L.L.P.**
Kalpana Srinivasan (CSB No. 237460)
ksrinivasan@susmangodfrey.com
Frances S. Lewis (CSB No. 291055)
flewis@susmangodfrey.com
Trevor P. Stutz (CSB No. 296882)
tstutz@susmangodfrey.com
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Tel: (310) 789-3100 Fax: (310) 789-3150

Max L. Tribble. (*pro hac vice*)
mtribble@susmangodfrey.com
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Tel: (713) 651-9366 Fax: (713) 654-6666

**NELSON BUMGARDNER, P.C.**
Barry J. Bumgardner (*pro hac vice*)
barry@nbclaw.net
Jonathan H. Rastegar (*pro hac vice*)
jrastegar@nbclaw.net
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Tel: (817) 377-9111 Fax: (817) 377-3485

**BURNS &LEVINSON LLP**
Howard J. Susser (*pro hac vice*)
hsusser@burnslev.com
Zachary R. Gates (*pro hac vice*)
zgates@burnslev.com
Alexandra Capachietti (*pro hac vice*)
acapachietti@burnslev.com
125 Summer Street
Boston, Massachusetts 02110
Tel: (617) 345-3000 Fax: (617) 345-3299

**ATTORNEYS FOR PLAINTIFF GPNE CORP.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| GPNE Corp., <br><br>    Plaintiff, <br><br> v. <br><br> APPLE INC. <br><br>    Defendant. | Case No. 5:12-cv-02885-LHK <br><br> **GPNE CORP.'S AND APPLE'S JOINT VERDICT FORM PROPOSAL** |

Pursuant to the Court's instruction at trial on October 14, 2014, Plaintiff GPNE Corp. ("GPNE") and Defendant Apple Inc. ("Apple") respectfully submit this joint proposed verdict form. Where the parties disagree on the form of a question, GPNE's proposed language appears **[bracketed in bold]** and Apple's proposed language appears [bracketed and underlined].

Each party reserves the right to propose changes to the verdict form if the need arises and to object to any changes proposed by its opponent.

Inclusion of an issue in a party's proposed verdict form should not be construed as an express or implied admission that the issue is properly in this case or that sufficient evidence will be provided to submit such issue to the jury. Additionally, each party reserves the right to move for judgment as a matter of law on any issue that would otherwise be determined by the jury.

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form.  Your answer to each question must be unanimous.  Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions.  Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as our verdict in this case.

## I.   FINDINGS ON INFRINGEMENT CLAIMS

**[GPNE Proposal #1: I. Infringement]**

[APPLE'S PROPOSAL:

The questions regarding infringement should be answered regardless of your findings with respect to the validity or invalidity of the patent.

1. For each Apple product, did GPNE prove by a preponderance of the evidence that the Apple product literally infringes each of GPNE's asserted patent claims?

    Please complete the charts in this section for each product by writing "YES (for GPNE) or "NO" (for Apple) in the "Literal infringement?" column.  Do not provide an answer for any cell that is blacked out.

2. For any claim that you have found that Apple's products do not literally infringe, did GPNE prove by a preponderance of the evidence that the products infringe under the doctrine of equivalents? To find infringement under the doctrine of equivalents you must find that the product includes parts or structures that are equivalent to the "node" limitation and identical to every other limitation in the claim. You may not find infringement under the doctrine of equivalents based on GPNE's allegations related to LTE technology.

    Please complete the charts in this section for each product by writing "YES (for GPNE) or "NO" (for Apple) in the "Infringement under DOE?" column.  Do not provide an answer for any cell that is blacked out.

a)  **Claim 44 of GPNE's '492 patent:**

| Apple Product | | Literal Infringement?<br><br>YES (for GPNE) or NO (for Apple) | Infringement under DOE?<br><br>YES (for GPNE) or NO (for Apple) |
|---|---|---|---|
| **iPhone 4 (A1332)** | GPRS | | |
| | LTE | ■ | ■ |
| **iPhone 4S (A1387)** | GPRS | | |
| | LTE | ■ | ■ |
| **iPhone 5   (A1428)** | GPRS | | |
| | LTE | ■ | ■ |
| **iPad 2 (A1396)** | GPRS | | |
| | LTE | ■ | ■ |
| **iPad 3 (A1430)** | GPRS | | |
| | LTE | ■ | ■ |
| **iPad mini  (A1454)** | GPRS | | |
| | LTE | ■ | ■ |

b) <u>Claim 19 of GPNE's '954 patent</u>

| Apple Product | | Literal Infringement?<br><br>YES (for GPNE) or NO (for Apple) | Infringement under DOE?<br><br>YES (for GPNE) or NO (for Apple) |
|---|---|---|---|
| iPhone 4 (A1332) | GPRS | | |
| | LTE | ███ | ███ |
| iPhone 4S (A1387) | GPRS | | |
| | LTE | ███ | ███ |
| iPhone 5  (A1428) | GPRS | | |
| | LTE | ███ | ███ |
| iPad 2 (A1396) | GPRS | | |
| | LTE | ███ | ███ |
| iPad 3 (A1430) | GPRS | | |
| | LTE | ███ | ███ |
| iPad mini  (A1454) | GPRS | | |
| | LTE | ███ | ███ |

a) <u>**Claim 22 of GPNE's '954 patent**</u>

| **Apple Product** | | **Literal Infringement?**<br><br>**YES (for GPNE) or NO (for Apple)** | **Infringement under DOE?**<br><br>**YES (for GPNE) or NO (for Apple)** |
|---|---|---|---|
| **iPhone 4 (A1332)** | GPRS | | |
| | LTE | ■ | ■ |
| **iPhone 4S (A1387)** | GPRS | | |
| | LTE | ■ | ■ |
| **iPhone 5 (A1428)** | GPRS | | |
| | LTE | | ■ |
| **iPhone 5 (A1429)** | GPRS | ■ | ■ |
| | LTE | | ■ |
| **iPad 2 (A1396)** | GPRS | | |
| | LTE | ■ | ■ |
| **iPad 3 (A1430)** | GPRS | | |
| | LTE | | ■ |
| **iPad 3 (A1403)** | GRPS | ■ | ■ |
| | LTE | | ■ |
| **iPad mini (A1454)** | GPRS | | |
| | LTE | | ■ |
| **iPad mini (A1455)** | GPRS | ■ | ■ |
| | LTE | | ■ |

]

**[GPNE'S PROPOSAL #2:**

**Did GPNE prove by a preponderance of the evidence that Apple infringed any of the following claims either literally or under the doctrine of equivalents? Please complete each cell of**

the charts by writing "Infringed" (for GPNE) or "Not Infringed" (for Apple) for each product and for each theory of infringement. *You should not leave any cells blank.*

    A.    Claim 19 of GPNE's '954 patent:

| Please complete each cell of the charts by writing "Infringed" (for GPNE) or "Not Infringed" (for Apple) for each product and each theory of infringement: | | |
|---|---|---|
| **Apple Product** | **Literal Infringement** | **Doctrine of Equivalents** |
| iPhone 4 (A1332) | | |
| iPhone 4S (A1387) | | |
| iPhone 5 (A1428) | | |
| iPad 2 (A1396) | | |
| iPad (3rd Generation) (A1430) | | |
| iPad mini (A1454) | | |

    B.    Claim 22 of GPNE's '954 patent:

| Please complete each cell of the charts by writing "Infringed" (for GPNE) or "Not Infringed" (for Apple) for each product and each theory of infringement: | | |
|---|---|---|
| **Apple Product** | **Literal Infringement** | **Doctrine of Equivalents** |
| iPhone 4 (A1332) | | |
| iPhone 4S (A1387) | | |
| iPhone 5 (A1428) | | |
| iPhone 5 (A1429) | | ███ |

| | | |
|---|---|---|
| iPad 2 (A1396) | | |
| iPad (3rd Generation) (A1430) | | |
| iPad (3rd Generation) (A1403) | | ■ |
| iPad mini (A1454) | | |
| iPad mini (A1455) | | ■ |

C.   Claim 44 of GPNE's '492 patent:

| Please complete each cell of the charts by writing "Infringed" (for GPNE) or "Not Infringed" (for Apple) for each product and each theory of infringement: | | |
|---|---|---|
| **Apple Product** | **Literal Infringement** | **Doctrine of Equivalents** |
| iPhone 4 (A1332) | | |
| iPhone 4S (A1387) | | |
| iPhone 5 (A1428) | | |
| iPad 2 (A1396) | | |
| iPad (3rd Generation) (A1430) | | |
| iPad mini (A1454) | | |

]

[Apple's comments: GPNE's proposal risks jury confusion and an inconsistent verdict because it does not identify whether each accused product includes GPRS functionality, LTE functionality, or both, and does not allow the jury to specify whether they are finding infringement based on

GPRS or LTE functionality. GPNE's proposal would also allow the jury to improperly find infringement based on LTE technology for Claim 44 of GPNE's '492 patent and Claim 19 of GPNE's '954 patent, even though GPNE is not accusing LTE technology for these claims. (Dkt. No. 434). Additionally, asking the jury to write "infringed" or "not infringed" is confusing and inconsistent with the Court's instruction that we ask the jury to write "YES is for GPNE, NO is for Apple." (Tr. 1035:1-2.). Apple's proposal is clearer and consistent with the Court's direction, including the Court's indication that "I understand that GPRS versus LTE issue, and that DOE is more vulnerable on Appeal, so I'm not disinclined to have that broken out." (Tr. 1035:18-21.)]

**[GPNE Comment:  Apple's proposal adds unnecessary and confusing language that will already be contained in the jury instructions. Apple's proposal to separate out the infringement analysis by whether the products use GPRS or LTE will lead to juror confusion and also improperly heightens GPNE's burden. Jurors could find Claim 22 of the'954 – which is asserted against products that are capable of both GPRS and LTE – infringed by either. As to the other two claims, these are directed at products capable of GPRS so there is no risk of juror confusion in seeking a finding of infringement of those claims. GPNE's proposal is consistent with verdict forms which contain a list of claims and products.  The Court also expressed that it was inclined to have fewer boxes, not more.  *See* Tr. Transcript 10-14-14 pg. 1034-37 (noting the Court's preference for a more simplified form and that DOE was the appellate issue, not GPRS vs. LTE).**

## II.   FINDINGS ON INVALIDITY

[APPLE PROPOSAL 1: The questions regarding invalidity should be answered regardless of your findings with respect to infringement.

3. ]  Did Apple prove by clear and convincing evidence that GPNE's patent claims are invalid?

[APPLE PROPOSAL: For each of GPNE's asserted claims, please answer "YES" (for Apple) or "NO" (for GPNE)

| GPNE Asserted Claim | Invalid?<br><br>YES (for Apple) or<br>NO (for GPNE) |
|---|---|
| **'954 patent, Claim 19** | |
| **'954 patent, Claim 22** | |
| **'492 patent, Claim 44** | |

]

[**GPNE PROPOSAL: For each of GPNE's asserted claims, please answer "Invalid" (for Apple) or "Valid" (for GPNE).**

| GPNE Asserted Claim | Answer "Invalid" for Apple or "Valid" for GPNE |
|---|---|
| **'954 patent, Claim 19** | |
| **'954 patent, Claim 22** | |
| **'492 patent, Claim 44** | |

]

[Apple's Comments: Apple's proposal is easier for the jury and consistent with the Court's direction that we ask the jury to write "YES" or "NO"]

[**GPNE's Comment:  Apple's proposal is confusing because it uses "Yes/No" both for infringement and invalidity.  Under Apple's proposal, the jurors will just have been writing**

**"yes" for GPNE for infringement, and now will be writing "no" for GPNE.  It is especially confusing to ask jurors to write "no" the patents are not invalid.  I.e. the form is proposing a double negative.]**

### III.	FINDINGS ON DAMAGES  [APPLE PROPOSAL: (IF APPLICABLE)]

[APPLE PROPOSAL: If you answered "yes" in Section I for any claim and  answered "no" in Section II for that same claim (in other words, if you found at least one of GPNE's asserted claims infringed and not invalid), proceed to answer the remaining question.  Otherwise, do not answer the remaining question and proceed to check and sign the verdict form.

### Form of Royalty

5. What form of royalty do you find should be used to calculate a reasonable royalty in this case?

   Place a check by either  item 1 or 2 to select the form of reasonable royalty. Then go on to either Question No. 6 or Question No. 7, but not both.

   **(1)	_____	per unit royalty (go on to Question No. 6)**

   **(2)	_____	lump sum royalty (go on to Question No. 7)**

**Damages—Per Unit Royalty**

6. If you checked item 1 in Question No. 5 (per unit royalty) then answer the following question:

What is the total dollar amount, if any, based on a per unit royalty, that GPNE has proven it is entitled to?

$ _____

In arriving at the above amount, please identify the specific amounts for each product:

| Apple Product | Damages (in total dollars) |
|---|---|
| iPhone 4 (A1332) | $ |
| iPhone 4S (A1387) | $ |
| iPhone 5 (A1428) | $ |
| iPhone 5 (A1429) | $ |
| iPad 2 (A1396) | $ |
| iPad (3rd Generation) (A1430) | $ |
| iPad (3rd Generation) (A1403) | $ |
| iPad mini (A1454) | $ |
| iPad mini (A1455) | $ |

The individual amounts in each cell should add up to the total you have listed above.

**Damages—Lump Sum**

7. If you checked item 2 in Question No. 5 (lump sum) then answer the following question:

   a) What is the dollar amount, if any, in the form of a reasonable lump sum royalty, that GPNE has proven it is entitled to?

   $_____ ]

[**GPNE's PROPOSAL**:

11                                            Joint Verdict Form Proposal
                                                Case Nos.5:12-cv-02885-LHK

**What is the total dollar amount that GPNE is entitled to receive from Apple on the claims on which you have ruled in favor of GPNE?**

$_____

**In arriving at the above amount, please identify the specific amounts for each product:**

| Apple Product | Damages (in total dollars) |
|---|---|
| iPhone 4 (A1332) | $ |
| iPhone 4S (A1387) | $ |
| iPhone 5 (A1428) | $ |
| iPhone 5 (A1429) | $ |
| iPad 2 (A1396) | $ |
| iPad (3rd Generation) (A1430) | $ |
| iPad (3rd Generation) (A1403) | $ |
| iPad mini (A1454) | $ |
| iPad mini (A1455) | $ |

**The individual amounts in each cell should add up to the total you have listed above.]**

[Apple's Comments: Apple's damages theory is based on a lump sum royalty, not a per-unit royalty, or a product-by-product break down. The parties are directly contesting the appropriate form of the royalty before the jury and the form of the reasonable royalty the jury chooses is within the discretion of the jury. The Federal Circuit has consistently recognized the appropriateness of lump sum royalties rather than per unit royalties and that the jury may find either form of royalty appropriate in particular circumstances. *See, e.g., LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 70 (Fed. Cir. 2012) ("LaserDynamics overlooks that a per-unit running royalty is not the only form of a reasonable royalty that the parties might have agreed to in a hypothetical negotiation. An alternate form is evidenced by the many license agreements to the ′981 Patent in the record for lump sum royalties that are not calculated as a percentage of any component or product.").

Thus, it would be inappropriate to only ask the jury to award damages on a per product basis, as GPNE's proposal does. Apple's proposal properly allows the jury to choose whether to follow the damages theory presented by GPNE or the theory presented by Apple in awarding their damages.]

**[GPNE's Comment:  Having not done so in the initial two rounds of proposed verdict forms, Apple is now adding more confusion to the damages instructions contrary to what the Court had asked.  *See* Tr. Transcript 10-14-14 at pg. 1034:9-13 ("For the Verdict Form, both for infringement and for damages, I would like all the products listed with their A numbers, Okay? For damages, there will be one line for the total, but then they will also be required to give a breakdown by product.").  Asking the jurors what form of royalty to apply is inappropriate in the Verdict Form.]**

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Bailiff that you have reached a verdict.  The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.


DATED: _____, 20         By:_____
                                              Presiding Juror


Dated: October 15, 2014                    Dated: October 15, 2014

FISH & RICHARDSON P.C.                     SUSMAN GODFREY L.L.P.


By:    /s/ Ruffin B. Cordell               By:    /s/ Kalpana Srinivasan

**ATTORNEYS FOR DEFENDANT**                **ATTORNEYS FOR PLAINTIFF**
**APPLE CORP.**                            **GPNE CORP.**